ALVIN E. FULLER, as City Manager and Director of Finance of the City of Miami, and RALPH C. GRAHAM, as Acting Clerk, v. R. C. GARDNER.

190 So. 442
Opinion Filed April 21, 1939
Rehearing Denied July 24, 1939

838.

*Murrell & Malone, Vincent C. Giblin* and *Marion E. Sibley,* for Appellants;

*Aronovitz & Goldstein, George E. McCaskill* and *Lilburn R. Railey,* for Appellee.

PER CURIAM.—November 25th, 1938, the City Commission of the City of Miami adopted Ordinance No. 2014, directing the City Manager to enter into contract with one or more attorneys at law to conduct certain special litigation for the City. The Ordinance carried an appropriation to effect its purpose. Four of the five City Commissioners voted for the ordinance but the complainant, who was the fifth member of the Commission, voted against it.

This suit was brought by R. C. Gardner, the appellee here, to restrain the City Manager from executing the contract and from paying over the $2,000 appropriated by the ordinance as a contingent fee when the contract was executed. A temporary restraining order was granted and this appeal was prosecuted.

Several questions are urged for our consideration but they all turn on the power of the City Commission to enact such an ordinance. If authority for it exists, it must be gleaned from the City Charter.

It appears that the City Charter was drawn by a charter board elected as provided in Section 3127, *et seq.,* Com-

piled General Laws of 1927, that said charter when prepared by the Charter Board was approved by a vote of the people of the City and was then submitted to the Legislature and approved by it in Chapter 9024, Acts of 1921. It has been repeatedly amended but these amendments are not material to the issues in this case.

The City Charter provides for a detailed organization and conduct of the city government by departments, the City Commission being the legislative department, and the City Manager being the administrative head of the City. The Department of Law is required to be staffed by a City Attorney and such number of assistants as the City Commission may authorize. By the terms of the charter, the City Manager does not appoint the City Attorney, the City Clerk, or the City Judge but he is authorized to appoint all other employees in both the classified administration of departments.

When the people and the Legislature have promulgated a city charter and have in such meticulous detail named and designated the powers and duties of each department, including those of the City Manager, it is not within the province of the City Commission to deviate materially from the course charted for it without authority from the source from which its power was derived. A charter thus promulgated becomes of the nature of a constitution and must be adhered to.

In attempting to enact the ordinance appropriating $2,000 from the contingent fund of the City, the City Commission departed from the rule last announced. The City Charter requires that an annual budget be prepared and adopted appropriating to all the departments of the city government for their support during the year. It then carries a strict prohibition on incurring any other liability by any officer or employee except in keeping with the pro-

visions of the annual appropriation ordinance or budget. If appropriations of the kind attempted are permitted, then the safeguard of a budget will be destroyed.

It is admitted that the ordinance was not enacted as required by the mechanics of the city charter but it is contended that it was an emergency measure and being so, these could be dispensed with.

If an emergency in fact existed, the ordinance is not amenable to objection on this point. When legislative bodies are authorized to declare emergencies and dispense with formal requirements in the enactment of a statute or ordinance, the Courts will not usually inquire into the truth *vel non* of the legislative declaration. The City Charter of Miami provides that the City Commission may declare an ordinance an emergency measure on the ground of urgent public necessity for the preservation of the peace, health, safety, or property of the City and under such circumstances, pass it by a three-fourths vote and remit the thirty days required by the charter for it to go into effect.

There is no declaration in the ordinance as to what the instant emergency consists in nor in what way the peace, health, safety, or property of the City is affected and there is nothing in the face of the ordinance which shows this. There is no showing whatever that the peace, health, safety, or property would suffer damages if the going into effect of the ordinance is delayed thirty days. In fact, the ordinance accomplishes nothing but the making of a contract for some special services and the payment of a contingent fee to start the service. There is no showing of an emergency or that the health, peace, safety, and property would suffer if the ordinance was permitted to take the regular course.

In such a situation, it is competent to raise the question of whether an emergency did in fact exist. It is charged

in the bill of complaint to be a pure sham, fraudulent, delusive, deceitful, and a hoax, that it is not true, and has no foundation in fact or fancy. When such a charge is made, it is competent for the Court to investigate and determine whether an emergency did in fact exist. The Chancellor held that in passing the ordinance, the City Commission was usurping a power not vested in it and the City Charter supports this conclusion.

Other questions raised have been examined but it becomes unnecessary to treat them. Some of them are fanciful but we express no opinion as to the others.

The City Commission was without authority to enact the ordinance complained of so the judgment below is affirmed.

Affirmed.

TERRELL, C. J., WHITFIELD, CHAPMAN and THOMAS, J. J., concur.

BUFORD, J., concurs specially.

Justice BROWN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.