J. F. GODARD v. JOHN W. CAMPBELL, as Mayor-
Commissioner, *et al.*

196 So. 814
Division A
Opinion Filed June 18, 1940

*Julian C. Calhoun* and *James C. Millican, Jr.,* for Appellant;

*P. B. Huff,* for Appellees.

BUFORD, J.—In a suit to enjoin the payment of attorney's fees by the City of Palatka to a special attorney employed under the provisions and terms of a resolution duly adopted and entered upon the minutes of the City Commission of the City of Palatka, an order was entered denying the injunction and dismissing the bill of complaint. From this order appeal was taken.

Appellant presents five (5) questions, all of which it is said, were not answered by the lower court. These questions were as follows:

*"First Question:* The City of Palatka, a Florida Municipality, having appointed a City Attorney, has no authority, in absence of Charter authority to appoint an additional attorney as Special Tax Attorney, except on disability of City Attorney."

"*Second Question:* The mere entry of resolution in official minute book of City Commission constitutes no adoption by the Commission."

"*Third Question:* A contract to pay compensation to Attorney at rate in excess of amount allowed by law is invalid."

"*Fourth Question:* Contracts by a municipality for services for which no provision has been made in budget are illegal and void."

"*Fifth Question:* Contracts of attorney indefinite as to length of term of employment seeking to extend beyond term of office of Commissioners are void."

The record shows that on February 14, 1939, the City Commission adopted a resolution employing J. V. Walton, an attorney of Palatka, as Special City Attorney to enforce the payment of and to collect delinquent taxes due the city. The pertinent part of the resolution in this regard is:

"That J. V. Walton, Esq., a practicing attorney of the City of Palatka, Florida, is hereby employed as Special City Attorney of the City of Palatka for the sole purpose of and with authority only to enforce and collect, with or without suit, as the circumstances may require and his judgment shall determine appropriate, delinquent taxes, real and personal, with interest, penalties, costs and or attorney's fees, provided and allowed by law; except that he shall cause no suit to be instituted without the express direction of the City Commission; and except further that any attorney's fees allowed and paid to the City in any suit or proceeding for the collection of taxes shall be credited to the City in the adjustment of accounts in compensating said attorney under this employment; and that said J. V. Walton shall receive and accept as full compensation for his services under this employment an amount

equal to Twelve and one-half (12½) per centum of all moneys accruing to and actually received by the City, after the date of the adoption of this resolution, from any taxes now delinquent, whether as the result of suit or otherwise, except that the said J. V. Walton shall receive no compensation on account of any payment prior to July 1, A. D. 1939, of any tax levied by the City for the year A. D. 1938, whether or not such 1938 tax is included in a suit brought pursuant to the employment embraced in this resolution; but if payment of the said 1938 tax is not made until July 1, A. D. 1939, such tax payment or collection shall be treated as other delinquent taxes and as other delinquent taxes for the basis of determining compensation to said Attorney."

The resolution also provided:

"BE. IT FURTHER RESOLVED, That the City and the said J. V. Walton contemplate that the employment herein provided shall continue until all City taxes now delinquent shall have been collected, enforced, compromised or settled, but it is expressly understood and agreed to, in the acceptance of this employment, that the City Commission shall have the right to terminate this employment, with or without cause, at any time said City Commission shall so determine to do and the said J. V. Walton shall be entitled to no compensation on account of any taxes thereafter paid, except as to taxes due upon property then in the actual course of litigation or where his compensation is covered or to be covered by the lien aforesaid on property theretofore or then enforced and being enforced by litigation."

The record shows that Walton accepted the employment and proceeded to perform the services contemplated by the employment.

The pleadings show that the City Charter contains two (2) pertinent provisions. Section 29 of the Charter pro-

vides: "The City Commission shall appoint a City Attorney who shall serve at the pleasure of the City Commission, or for such term as may be prescribed by ordinance and shall receive such compensation, and perform such duties as may be provided by ordinance."

The charter also contains, *inter alia,* in Section 56 thereof, the following:

"Any accruing revenue of the City, not appropriated as hereinbefore provided, and any balance at any time remaining after the purpose of the appropriation shall have been satisfied or abandoned, may from time to time, be appropriated by the City Commission to such use as will not conflict with any uses of which specifically such revenues accrued. No money shall be drawn from the treasury of the City, nor shall any obligation for the expenditure of money be incurred, except pursuant to the appropriation made by the City Commission."

This case is to be differentiated from that of Fuller as City Manager v. Gardner, 138 Fla. 837, 190 Sou. 442, because in the Fuller case the validity of the ordinance depended upon the existence of an emergency which was not shown by the record to exist. The validity of the resolution here depends upon no such condition.

In this case we have for consideration the employment of a special attorney to perform a special service for the City and in such cases, unless prohibited by law, the governing authority can exercise a broad discretion. We do not think that the charter provision quoted, *supra,* limits the power of the city commission to employ such special counsel where it reasonably appears expedient for the governing authorities to make such employment. Therefore, the general law in regard to the authority of city commis-

sioners to employ special counsel for special work is applicable here.

In McQuillan, Municipal Corporations, 2d Ed., Sec. 1276, it is stated, *inter alia:*

"Where the law does not make it the duty of the official to perform the particular legal services required other attorneys may be employed for this purpose at the expense of the public. However, authority is not wanting to sustain the proposition that additional or extra counsel may be employed in special matters and suits, notwithstanding the corporation has officers charged with the duty of attending to all legal affairs in which the corporation is interested."

It is this legal principle which was applied in the case of State v. Culbreath, 128 Fla. 210, 174 Sou. 422.

This case is also to be differentiated from the Fuller case, *supra,* because in that case was involved charter provisions which in meticulous detail named and designated the powers and duties of each department, including those of the city manager, and therefore, it was held that the city commission could not deviate materially from the course charted in the charter. In the instant case those meticulous details are not named and the charter provision, *supra,* authorizing the employment of a city attorney constituted only a restatement of the law as it would have existed without any such provision. It was also noted in this case that the resolution which was accepted by the employed attorney provided that compensation should come from stated commission on delinquent taxes collected by the attorney and the appropriation of such compensation was duly made as authorized by the charter.

We find no reversible error disclosed by the record. Therefore, the decree is affirmed.

So ordered.

Affirmed.

TERRELL, C. J., and THOMAS, J., concur.

CHAPMAN, J., concurs in opinion and judgment.

Justices WHITFIELD and BROWN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.