OWEN, Chief-Judge.
The City of Ft. Lauderdale seeks review of a judgment granting peremptory writ of mandamus directing the City to reinstate appellee as its publicity director, a position from which appellee had been dismissed in September, 1972, because of the City’s failure to appropriate further funds for the publicity department.
Section 69 of the Charter of the City of Ft. Lauderdale provides that there shall be a publicity department of the City and that at the head of each department there shall be a director who shall be in the classified service. Section 21 of the City Charter vests legislative powers of the City in the City Commission. Section 181 of the Charter grants the City Commission power to prepare a budget for the appropriation and expenditure of City funds. \
Appellants’ first point is whether Sections 21 and 181 of the Charter allow the City Commission to effectively abolish a department of the City established by Section 69 of the Charter by the simple expedient of not appropriating City funds for the operation of such department. We conclude that this point must be answered in the negative, and affirm the judgment of the trial court. The City Charter, under which the City Commission derived its legislative power, also established the several departments of the City and mandatorily required that each department be headed by a director who shall be in the classified service. The City Commission should not deviate materially from this source of its power. Fuller v. Gardner, 1939, 138 Fla. 837, 190 So. 442. To permit the City Commission to effectively abolish a department established by the Charter simply by failing to fund such department would give to the City Commission the authority to amend *99 the Charter, a power which it did not possess in September, 1972.[1]
Appellants’ second point is whether a municipal corporation may dismiss a civil service employee for lack of funds to pay his salary. We conclude that this point is not supported by the record in this case and need not be determined, since it is clear that the City of Ft. Lauderdale does not lack the funds to pay appellee’s salary, but simply failed to budget and appropriate funds for such purpose as discussed above.
Affirmed.
DOWNEY, J., and PAUL, MAURICE M., Associate Judge, concur.

. Section 160.031(5), F.S., which became effective October 1, 1973, is not applicable to this case.