355 So.2d 1245 (1978)
FLORIDA HOME BUILDERS ASSOCIATION et al., Petitioners,
v.
DIVISION OF LABOR, BUREAU OF APPRENTICESHIP, FLORIDA DEP'T OF COMMERCE, Respondent.
No. II-63.
District Court of Appeal of Florida, First District.
March 8, 1978.
Stephen W. Metz, Tallahassee, for petitioners.
Kenneth H. Hart, Jr., Tallahassee, for respondent.
*1246 SMITH, Acting Chief Judge.
Petitioners, a group of voluntary associations of home building contractors, petition for review of Emergency Rule 8 CER 77-26, Fla. Admin. Code, adopted by the Division of Labor, Florida Department of Commerce, pursuant to Section 120.54(9), Florida Statutes (Supp. 1976). The emergency rule was adopted effective November 7, 1977, for a 90-day period,[1] after petitioners challenged proposed amendments to the Division's permanent rules, thus staying adoption of the permanent rule amendments until after the hearing officer rules on petitioners' challenge. § 120.54(4), Fla. Stat. (Supp. 1976). Both the emergency rule and the proposed amendments to the permanent rule establish standards to govern the approval of apprenticeship programs by the Division's Bureau of Apprenticeship.[2] Petitioners sponsor such programs.
The Division initiated permanent rulemaking in response to a recent amendment to Chapter 446, Florida Statutes (1975), providing in part:
446.071. Apprenticeship sponsors.  One or more local apprenticeship sponsors shall be approved in any trade or group of trades by the Bureau of Apprenticeship upon a determination of need when ever a demand is made, provided the apprenticeship sponsor meets all of the standards established... .
Ch. 77-183, § 1, Laws of Fla. (italicized words added; struck through words deleted). When the proposed amendments to the permanent rules were automatically stayed, the Division found, as justification for emergency rulemaking, that the absence of rules pending the outcome of the rule challenge "has an adverse effect on the statewide apprenticeship program and is unfair to applicants whose applications are pending." Fla. Admin. Weekly, Nov. 10, 1977 at 24. Petitioners here challenge the sufficiency of the Division's statement justifying emergency rulemaking.
Section 120.54(9)(a)3, Florida Statutes (Supp. 1976), requires, as an essential predicate for emergency rulemaking, that the agency publish in writing "the specific facts and reasons for finding an immediate danger to the public health, safety, or welfare... ." Such a statement, which is a principal element of the abbreviated record for judicial review of emergency rulemaking, must be factually explicit and persuasive concerning the existence of a genuine emergency. See Postal Colony Co., Inc. v. Askew, 348 So.2d 338 (Fla. 1st DCA 1977). Agencies whose permanent rulemaking has been temporarily stymied by a rule challenge may of course resort to emergency rulemaking when the delay creates an emergency; but the unusual conditions giving rise to the emergency must be clearly documented. Delay alone cannot suffice. If the delay attending permanent rule challenge proceedings were alone sufficient to justify emergency rulemaking, the legislature's provision for an automatic stay could in every case be neutralized for 90 days by emergency rulemaking. We cannot approve such a result.
The Division's statement concerning the emergency in this matter is subject to grave doubt. Its generality is augmented *1247 by factual recitals in the Division's brief, but we cannot properly consider those recitals as having been made by the agency in the statement required by Section 120.54(9)(a)3. Nevertheless, we find it unnecessary to decide whether the Division's statement of emergency sufficiently supports the Division's emergency rulemaking. A unique provision in the emergency rule deprives petitioners of standing to complain in this court as parties adversely affected by the emergency rule. § 120.68(1), Fla. Stat. (Supp. 1976).
The emergency rule provides:
A program applicant may file a written request with the Bureau ... that no action be taken on its application under these emergency rules but that action to approve or to disapprove the application be held in abeyance until final, permanent rules are promulgated.
Fla. Admin. Code Rule 8 CER 77-26. The quoted provision operates to relieve petitioners, at their election, of any application to them of the emergency rule. Petitioners have therefore not shown that they are adversely affected by the emergency rule. See Florida Dep't of Offender Rehab. v. Jerry, 353 So.2d 1230 (Fla. 1st DCA 1978). To the extent that the emergency rule retards petitioners' creation of new apprenticeship programs or their expansion of existing ones, by enunciating policy factors in the registration decision which are inconsistent with petitioners' proposals, petitioners are empowered by the emergency rule to suspend their registration applications until a decision is made on their challenge to the permanent rules. If there is a public need for petitioners' proposed apprenticeship programs, and the need is too pressing to await final disposition of the challenge proceedings staying the permanent rules, the Division, momentarily without rules applicable to petitioners without their consent, may entertain petitioners' applications for registration in proceedings for an agency order determining petitioners' substantial interests. § 120.57, Fla. Stat. (Supp. 1976), § 120.60, Fla. Stat. (1975).
Petitioners have made no colorable claim here that they are adversely affected, and therefore entitled to judicial review, by the availability of the emergency rule to other applicants for registration.
We have frequently emphasized the primacy of rulemaking in the proper conduct of public business under the Administrative Procedures Act, especially when statutory standards for agency decisions are stated in general language. Cross Key Waterways v. Askew, 351 So.2d 1062, 1069 (Fla. 1st DCA 1977); Albrecht v. Dep't of Environmental Regulation, 353 So.2d 883 (Fla. 1st DCA 1977); General Development Corp. v. Division of State Planning, 353 So.2d 1199, 1209 (Fla. 1st DCA 1977) and cases there cited. Here the Division appears to have attempted conscientiously to make rules lending specificity to the general statutory standard of need for sponsorship of local apprenticeship programs. We are not here concerned with whether the statutory standard is sufficiently explicit to support the agency's rulemaking effort; the petition for review does not challenge the constitutionality of Section 446.071, as amended by Chapter 77-183, Laws of Florida. Our decision here is simply that licensing registrants who are permitted by an agency's emergency rule to exempt themselves from application of the emergency rule have no standing as adversely affected parties to obtain judicial review under Section 120.68(1).
The prayer of the petition for review is DENIED.
ERVIN, J., concurs.
BOOTH, J., dissents.
BOOTH, J., dissenting.
An agency's assumption of emergency powers in the absence of a bona fide emergency violates basic rights of due process, and constitutes a usurpation of power. Fuller v. Gardner, 138 Fla. 837, 190 So. 442 (1939).
Here, there was no emergency allowing for the adoption of emergency rules under Florida Statute § 120.54(9). Respondent also failed to publish adequate notice as *1248 required by § 120.54(9)(a)(3). Postal Colony Co., Inc. v. Askew, 348 So.2d 338 (Fla. 1st DCA 1977).
The emergency rule is substantially identical to the proposed permanent rule amendment which is held in abeyance under Florida Statute § 120.54(4)(c) pending court determination of validity. Respondent has simply used its emergency rule-making power to avoid the effect of § 120.54(4).
The majority holds that the "escape clause" of this patently invalid rule can validly operate to deny a party standing to challenge to the rule. This holding eliminates any possible judicial review of an emergency rule which includes an "escape clause," and is contrary to Florida Statute § 120.54(9)(a)(3), which provides:
"The agency's findings of immediate danger, necessity and fairness shall be judicially reviewable." (e.s.)
The escape clause stands or falls with the rule itself, and cannot operate to prevent challenge under § 120.54(9) by a party otherwise directly affected.
I respectfully dissent.
NOTES
[1] "An emergency rule adopted under this subsection may not be effective for a period longer than 90 days and shall not be renewable." § 120.54(9)(c), Fla. Stat. (Supp. 1976).
[2] The Division's proposed permanent rules list six factors to be considered in determining the need for a sponsor's apprenticeship program:

1. the number of registered apprenticeship programs in the jurisdictional area training apprentices in the occupation in which registration is sought;
2. the number of unemployed apprentices in registered apprenticeship programs in the jurisdictional area;
3. the administrative feasibility of the Bureau providing proper services for the proposed apprenticeship program;
4. the sufficiency of training opportunities being offered by registered apprenticeship programs in the jurisdictional area;
5. the immediate economic conditions of and the economic outlook for the jurisdictional area; and
6. the ability and willingness of sponsors in the jurisdictional area to train additional apprentices.
The emergency rules clarify factor 2 and omit factors 3 and 5.