360 So.2d 494 (1978)
LET's HELP FLORIDA, a Political Committee, Appellant,
v.
Bruce SMATHERS, As Secretary of State, and Wilma Sullivan, As Supervisor of Elections of Leon County and On Behalf of All Supervisors of Elections of the State of Florida, Appellees.
No. KK-154.
District Court of Appeal of Florida, First District.
July 13, 1978.
*495 Theodore L. Tripp, Jr., of Tobias Simon, P.A., Miami, for appellant.
David E. Cardwell, F.E. Steinmeyer, III, Tallahassee, for appellees.
Hugh M. Taylor, Jacksonville, for amicus curiae.
MELVIN, Judge.
Appellant appeals from a Final Judgment holding that the provisions of Section 99.097(1) and (2), Florida Statutes (1977), are not applicable to initiative petition procedures provided for by Article XI, Section 3, Florida Constitution.
Appellant is a political committee that is interested in presenting, through the process of initiative, a proposed amendment to the Florida Constitution, in accord with the provisions of Article XI, Section 3, Florida Constitution.
Article XI, Section 3, Florida Constitution, reserves unto the people the power by initiative to bring about an amendment to the Constitution. It is therein provided:
"The power to propose the revision or amendment of any portion or portions of this constitution by initiative is reserved to the people, provided that, any such revision or amendment shall embrace but one subject and matter directly connected therewith. It may be invoked by filing with the secretary of state a petition containing a copy of the proposed revision or amendment, signed by a number of electors in each of one half of the congressional districts of the state, and of the state as a whole, equal to eight percent of the votes cast in each of such districts respectively and in the state as a whole in the last preceding election in which presidential electors were chosen."
It is clear that the people, in providing that their Constitution may be amended by their own initiative, engrafted a constitutional protection of such right by requiring specified elector endorsement of that proposed amendment. A proposed amendment by initiative may only be activated when electors, equal in number to eight percent of the votes cast within the areas and in the election designated in Article XI, Section 3, Florida Constitution, sign such proposed amendment.
Article XI, Section 5(a) mandates the time frame within which the initiative petition shall be filed with the Secretary of State.
It was the thrust of the appellant's position in the trial court, and likewise here, that it is entitled to require the various county supervisors of registration to check the signatures appearing upon the initiative petition by a random sample procedure. Section 99.097(1) and (2), Florida Statutes (1977), provides as follows:
(1) As determined by each supervisor, based upon local conditions, the checking of names on petitions may be based on the most inexpensive and administratively feasible of either of the following methods of verification:
(a) A name-by-name, signature-by-signature check of the number of authorized signatures on the petitions; or
(b) A check of a random sample, as provided by the Department of State, of names and signatures on the petitions. The sample must be such that a determination can be made as to whether or not the required number of signatures have been obtained with a reliability of at least 99.5 percent. Rules and guidelines for this method of petition verification shall be promulgated by the Department of State, which may include a requirement that petitions bear an additional number of names and signatures, not to exceed 15 percent of the names and signatures otherwise required. If the petitions do not meet such criteria, then the use of the verification method described in this paragraph shall not be available to supervisors.
(2) When a petitioner submits petitions which contain at least 15 percent more than the required number of signatures, he may require that the supervisor of elections use the random sampling verification method in certifying the petition."
*496 A procedure whereby a candidate may have his name placed upon the ballot by obtaining the necessary number of signatures of electors residing within the area embraced by the office to which election is sought, is purely a creature of statute offering a permissible detour around related statutes requiring the payment of certain qualifying fees. The Legislature, having established such petition procedure, may, in its discretion, provide for a random sample type check of such signatures.
When this Court is urged to construe Section 99.097(1)(b) and (2), Florida Statutes (1977), as authorizing or mandating a random check of the signatures appearing upon initiative petitions authorized by Article XI, Section 3, Florida Constitution, we must give the statute such reasonable construction as will not bring upon it constitutional destruction. See Burr v. Florida East Coast Ry. Co., 77 Fla. 259, 81 So. 464 (1919). We hold that Section 99.097(1)(a) is consistent with exactitude and accuracy, and is, therefore, not constitutionally offensive if permissively applied to Article XI, Section 3, Florida Constitution, initiative proceedings.
However, Article XI, Section 3, having mandated that there shall be no less than eight percent of the described electors who shall sign such initiative petition before the same shall attain ballot status, we do not presume that the Legislature intended to enact a law where, by a random or spot check, less than eight percent would become permissible. It has no authority to so legislate. It follows, therefore, that Section 99.097(1)(b) and (2) has no application to Article XI, Section 3, Florida Constitution, relating to proposed initiative amendment to the Constitution. The trial court did not pass upon the constitutionality of Section 99.097(1)(b) and (2), Florida Statutes (1977), and, likewise, we do not reach that question. Neither is it necessary for us to reach the question of the asserted rulemaking authority of the Secretary of State.
It is unnecessary that we cite authority for this Court's construction of Article XI, Section 3, Florida Constitution, as hereinabove set forth. The mandated procedure in Article XI, Section 3, Florida Constitution, clearly constitutes the highest authority that may be cited.
The final judgment entered by the trial court is AFFIRMED as modified by this opinion.
BOYER, Acting C.J., and BOOTH, J., concur.