360 So.2d 496 (1978)
LET's HELP FLORIDA, a Political Committee, Appellant,
v.
Bruce SMATHERS, As Secretary of State, Appellee.
No. KK-290.
District Court of Appeal of Florida, First District.
July 18, 1978.
Rehearing Denied July 20, 1978.
*497 Tobias Simon, Miami, for appellant.
David E. Cardwell, Tallahassee, for appellee.
PER CURIAM.
By this appeal, Let's Help Florida, a political committee, challenges the promulgation of emergency rule ICER-78-8 by the Secretary of State, Bruce Smathers. This case was consolidated with case # KK-154, in which a separate opinion of this court has previously been filed.[1]
Emergency rule ICER-78-8, here challenged, provides as follows:
"Petitions proposing amendments to the constitution by the initiative method shall be submitted to the appropriate supervisor of elections no later then July 21, 1978 for the purpose of the verification of signatures contained on such petitions. No later than 5:00 p.m. of the ninety-first day prior to the general election the supervisor of elections shall notify the Division of Elections of the number of signatures of a particular petition found to be valid."
The Secretary's reason for finding an immediate danger to the public health, safety and welfare necessitating the promulgation of the emergency rule is set forth as follows:
"SPECIFIC REASON FOR FINDING AN IMMEDIATE DANGER TO PUBLIC HEALTH, SAFETY AND WELFARE: The Florida constitution requires that the initiative process for amending the constitution be invoked by filing the petition with the Secretary of State. To attain ballot position for the 1978 general election a petition having sufficient signatures must be filed no later than August 8, 1978. This filing is accomplished by the supervisors of election notifying the Division of Elections of the number of valid signatures verified. The Florida State Association of Supervisors of Elections has advised the division of the severe problems encountered by the submission of several thousands of petitions at the time near the deadline for filing the petition and certified verification with the division. The supervisors have recommended that any petitions be submitted no later than July 21, 1978 in order to better insure an accurate and complete verification procedure."
This court does not consider the reason given as constituting an "immediate danger". The Secretary's failure to foresee the submission of several thousand petitions at the time near the deadline and the concomitant problems constitutes an avoidable administrative failure and does not justify the adoption of an emergency rule. Postal Colony Co., Inc. v. Askew, 348 So.2d 338, (Fla. 1st DCA 1977).
Therefore, without regard to the validity of the rule or the constitutional issues raised by the parties, we hold that the Secretary improperly promulgated emergency rule ICER-78-8 because it was not *498 necessary for the public health, safety or welfare. ICER-78-8 is invalid and void.
BOYER, Acting C.J., and MELVIN and BOOTH, JJ., concur.
NOTES
[1] 360 So.2d 494, Case No. KK-154, opinion filed July 13, 1978.