MEMORANDUM OPINION
PER CURIAM.
These consolidated cases come before us on Petition for Review of Non-Final Administrative Action, Petition for Writ of Mandamus, and Petition for Writ of Prohibition. This controversy arises from the bid solicitation and contract award processes conducted by respondent Jacksonville Transportation Authority (JTA) in an effort to award contracts for the construction of a bridge and bridge approaches over the St. Johns River in Duval County, in connection with the “Dame Point Expressway Project.” Petitioners seek review of the “Notice Regarding Contract Award Pro *207 cess” entered by JTA, after being notified of petitioners’ bid protests, which set forth facts alleged to show an immediate and serious danger to the public health, safety or welfare if the contract award process were stayed pending resolution of the petitioners’ bid protests. Petitioners sought a writ of prohibition to halt the contract award process, and a writ of mandamus requiring JTA to refer their protests to the Department of Administrative Hearings for Section 120.57(1), Florida Statutes (1983), proceedings. Similar relief was sought under the auspices of Chapter 120, Florida Statutes. We issued an order to show cause as to all grounds and theories asserted. Rule 9.100, Florida Rules of Appellate Procedure.
Subsequent to JTA’s entry of its notice of intent to award contract to other bidders, petitioners filed a notice of protest, thereby staying the contract award. See § 120.53(5)(c), F.S. (1983). However, pursuant to the provisions of Section 120.-53(5)(c), JTA entered the “Notice Regarding Contract Award Process.” This notice, if adequate under the statute, would operate to override the statutory stay provision. Petitioners assert that this notice is deficient on two grounds: (1) that it fails to state with sufficient particularity facts and circumstances showing that an immediate and serious danger to the public health, safety or welfare would exist; and (2) that it is procedurally deficient because not promulgated by the “agency head” within the meaning of Sections 120.53(5)(c), 120.52(3), and 349.03(2), Florida Statutes (1983). We agree with petitioners that the facts and circumstances stated in the notice are insufficient to overcome the stay provisions of Section 120.53(5)(e). In so ruling we have considered the notice in the context of the proceedings in which the same was issued, as appears without dispute in the pleadings filed by the several parties before this court. In addition, although we have treated this matter on an expedited emergency basis, we have also had the benefit of oral argument (on March 13, 1985) by counsel, including counsel representing an incipient successful bidder, McCarthy Brothers Company and Huarte Y Cia, S.A., a joint venture. Accordingly, we find it unnecessary to address the issue of whether the notice was procedurally deficient because not signed by the agency head.[1]
*208 Our holding that the “Notice Regarding Contract Award Process” is insufficient resurrects the statutory stay[2] which arose on the filing of a bid protest. Thus, we find it unnecessary to consider further the petition for writ of prohibition, and the rule to show cause entered on that petition is hereby discharged. Further, we deny as moot the petition for writ of mandamus whereby petitioners seek an order requiring JTA to refer their protests to the Department of Administrative Hearings for a Section 120.-57(1) proceedings, since the statute mandating such action is clear, and the authority has represented to this court in their response to the petition and at oral argument that they stand prepared to and will refer the protest to the Department of Administrative Hearings on dissolution of the stay occasioned by our issuance of the show cause order on the petition for prohibition. Rule 9.100(f), Florida Rules of Appellate Procedure.
This cause is hereby remanded to JTA with directions that the petitioners’ protests be referred to the Department of Administrative Hearings forthwith, for expedited proceedings pursuant to Section 120.57(1) and other proceedings consistent with Section 120.53. An opinion more fully outlining the facts and issues, and explaining the rationale for our decision will be issued at a later date.[3]
ERVIN, C.J., and SMITH and WIGGIN-TON, JJ., concur.

. During the pendency of the stay occasioned by this court’s order to show cause on the petition for writ of prohibition, the JTA promulgated a revised "Notice Regarding Contract Award Process" subject to the authorization of this court. This notice set forth with greater particularity the facts alleged to show an immediate and serious danger to the public health, safety or welfare. In the interest of judicial economy and expeditious resolution of this cause we find that this notice also fails to state with sufficient particularity facts showing an immediate and serious danger to the public health, safety or welfare. The revised notice provides:
NOTICE REGARDING CONTRACT AWARD PROCESS
Pursuant to Section 120.53(5), the Jacksonville Transportation Authority has determined that the continuance of the contract award process for the Dame Point Expressway Project without delay is necessary in order to avoid an immediate and serious danger to the public welfare.
The permit issued by the United States Coast Guard (Bridge Permit 90-79) provided for commencement of construction by July 11, 1984. Construction was commenced on June 25, 1984. Completion of construction is required by July 11, 1988, in order to avoid a potential noncompliance with the requirements of Bridge Permit 90-79. Paragraph 6 of the Permit, issued on July 11, 1979, states: “The approval hereby granted shall cease and be null and void unless construction of the bridge is commenced within 5 years and completed within 9 years after the date of this permit." (July 11, 1988) Engineering consultants to the Jacksonville Transportation Authority have advised that Notice To Proceed With Construction should be issued as soon as possible so that construction of the bridge can be completed within the allowable time. By letter of January 14, 1985, the Authority’s engineering consultants explained that the construction schedule was expected to start in March or April, 1985, that it was anticipated that the project would be open to traffic in July or August, 1988, and that all four contracts will have the same construction period, running approximately concurrently. The construction schedule provides for the thirty-seven month minimum allowance for construction, plus an additional three months for unforeseen delays due to adverse weather, labor disputes, material shortages or other unforeseen happenings. *208 Delay of the award of the contracts would seriously jeopardize the agency's ability to complete construction within this deadline. The public would be subjected to deprivation of a badly needed crossing over the St. Johns River, and the expressway system would be severely impaired. The additional cost to the public as a result of the delay would be tremendous. The public welfare would be immediately and seriously endangered.
In addition, the Jacksonville Transportation Authority must agree to expend not less than eighty-five percent (85⅜) of the proceeds of the one hundred and forty million dollars of bonds to be issued to finance the construction of the Dame Point Bridge and other projects (or one hundred nineteen million dollars) within three (3) years of the date of their issuance in order for such bonds to be tax-free bonds pursuant to the provisions of the Internal Revenue Code and applicable regulations issued thereunder. That date of issuance is February 28, 1985. Failure of such bonds to have tax-free status under the Internal Revenue Code and applicable regulations will dramatically increase the costs to the' Jacksonville Transportation Authority of such bonds. A failure to continue the contract award process at this time will seriously endanger the ability of the Jacksonville Transportation Authority to properly expend those funds within three (3) years of the date of issuance of the bonds, thereby seriously endangering the public welfare.
The Jacksonville Transportation Authority considers that each of the reasons set forth above individually, as well as in combination, is sufficient to constitute an immediate and serious danger to the public welfare unless continuance of the contract award process takes place without delay.
The Authority concludes that the procedure herein utilized is fair under the circumstances, and that no lesser action would be adequate to protect the public interest. Pursuant to the provisions of the bidding specifications, all bids are deemed rejected unless the award to a successful bidder occurs within 120 days of the opening of proposals. Proposals were opened on November 2, 1984, and 120 days thereafter is March 2, 1985. If no award to a successful bidder is made by that date, absent an extension of time by mutual consent, (sic) The Authority must reject all bids, greatly delaying the project and jeopardizing the Authority’s ability to comply with the requirements of Bridge Permit 90-79.
The Authority further finds that an immediate effective date of this Notice is necessary because of the aforesaid immediate danger to the public welfare.
John Lanahan, Chairman, on behalf of Jacksonville Transportation Authority

. Our decision will stay the award of contracts pending resolution of the petitioners’ bid protests pursuant to Section 120.53(5)(c). • However, this stay shall not affect the ability of the JTA to negotiate an extension of the requirement in the bidding documents that the contracts be awarded within 120 days or all bids will be deemed rejected.

. In determining the insufficiency of JTA’s "Notice Regarding Contract Award Process,” we rely, in part, upon prior decisions of this court, including Postal Colony Co., Inc. v. Askew, 348 So.2d 338 (Fla. 1st DCA 1977); Florida Home Builders Association v. Division of Labor, 355 So.2d 1245 (Fla. 1st DCA 1978); Let’s Help Florida v. Smathers, 360 So.2d 496 (Fla. 1st DCA 1978); Commercial Consultants Corp. v. Department of Business Regulation, 363 So.2d 1162 *209 (Fla. 1st DCA 1978); and upon the reasons stated and authorities mentioned in the foregoing decisions.