586 So.2d 429 (1991)
GOLDEN RULE INSURANCE COMPANY, Petitioner,
v.
DEPARTMENT OF INSURANCE, Respondent.
No. 91-2559.
District Court of Appeal of Florida, First District.
September 11, 1991.
Rehearing Denied October 25, 1991.
W. David Watkins of Oertel, Hoffman, Fernandez & Cole, P.A., Tallahassee, and Curtis J. Dickinson, Carmel, Ind., for petitioner.
William E. Williams and Robert D. Fingar of Huey, Guilday, Kuersteiner & Tucker, P.A., Tallahassee, for respondent.
PER CURIAM.
Golden Rule Insurance Company petitions this court for review of an emergency rule promulgated by the Florida Department of Insurance. We have jurisdiction pursuant to section 120.54(9)(a)3., Florida Statutes (Supp. 1990).
The department's Rule 4ER91-1 was published on July 26, 1991, in Florida Administrative Weekly. It adopts and incorporates by reference certain forms which *430 insurers are immediately required to execute and submit when making health insurance filings with the department. The published announcement regarding the emergency rule includes the following statements:
SPECIFIC REASONS FOR FINDING AN IMMEDIATE DANGER TO THE PUBLIC HEALTH, SAFETY OR WELFARE: An adverse administrative ruling, coupled with the Department's computerization effort, the large number of filings to be processed, and the short statutory review period, require an emergency rule while permanent rulemaking is proceeding to ensure proper rates and insurer solvency.
REASONS FOR CONCLUDING THAT THE PROCEDURE USED IS FAIR UNDER THE CIRCUMSTANCES: An emergency rule is fair under the circumstances as the best method to make known the Department's procedures and requirements for health rate filings. An emergency rule states the Department's position unequivocally, is legally binding, and is effective immediately.
17 F.A.W. at 3272.[1]
Emergency rules must be justified by agency findings of immediate danger to the public health, safety, or welfare. Fla. Stat. § 120.54(9)(a). The agency's reasons for finding a genuine emergency must be factually explicit and persuasive. Florida Home Builders Association v. Division of Labor, 355 So.2d 1245, 1246 (Fla. 1st DCA 1978).
As petitioner correctly points out, the agency has identified four reasons for finding that the public health, safety or welfare requires immediate and emergency action rather than resort to standard and more time-consuming rulemaking. They are:
1. an adverse administrative ruling;
2. the department's computerization effort;
3. the large number of filings to be processed;
4. the short period permitted the agency to review such filings pursuant to section 627.410(2), Florida Statutes.
The adverse administrative ruling to which the agency refers is a recommended order issued by a hearing officer of the Division of Administrative Hearings on July 3, 1991. In that proceeding, Golden Rule challenged the agency's decision to disapprove a filing for failure to provide the same information now required by Rule 4ER91-1. After hearing evidence and considering the legal arguments of the parties, the hearing officer concluded that the filing requirements were not supported by statute or rule and the agency's disapproval of *431 Golden Rule's filing for failure to provide the information was invalid.
Petitioner argues, and we agree, that the hearing officer's recommended order did not create an immediate danger to the public health, safety, or welfare. The agency currently has in place F.A.C. chapter 4-58 which sets forth the requirements for health insurance filings. The department argues that changes in circumstances have created a need for additional information for health insurance filings. We do not find it necessary to determine whether the department does in fact require this information. This is an issue for the non-emergency rulemaking process. We do find, however, as will be discussed further below, that the changes in circumstances were not shown by the department to be so sudden or unforeseeable that emergency rulemaking is justified.
The department relies upon its "computerization effort" as another basis for its emergency rule. We are not advised as to the exact nature of this "effort." We cannot, however, imagine a scenario where the agency's new or increased use of computers in evaluating health insurance filings was implemented so suddenly and unexpectedly that the agency did not have sufficient time to promulgate non-emergency rules to require the new information needed.
By contrast, it is conceivable that increased filings could create a burden on the agency that would require emergency rule requirements in order for existing staff to process insurance filings. Such an increase, however, would have to be substantial over a short period of time and somewhat unforeseeable in order to justify emergency rulemaking. By contrast, a relatively regular annual increase in filings, without more, can be anticipated and is unlikely to create an immediate danger to public health, safety, or welfare. As the agency has failed to provide any specifics regarding the increased filings, this justification for the emergency rule also does not withstand judicial scrutiny.
The agency's reliance on the short statutory review period refers to section 627.410(2), Florida Statutes (Supp. 1990). This subsection provides that the agency must approve or disapprove a filing within 30 days, although the department may extend the time by an additional 15 days. If the department fails to take action within this statutory timeframe, the application will be deemed approved.
This statutory provision was first enacted in 1959 in ch. 59-205, § 459, Laws of Fla. A 32 year old statutory requirement, standing alone, obviously is not an adequate basis for emergency rulemaking. If the agency had shown a substantial and unforeseeable increase in the quantity of filings, the statute would bolster the agency's argument that an emergency rule might be necessary to avoid "default" approvals for failure to provide timely review. Absent an adequate showing of an emergency created by the number of filings, however, the requirements of section 627.410(2) do not support an emergency rule.
On prior occasions this court has invalidated emergency rules based on reasons which, upon analysis, we found were rooted in avoidable administrative failure and/or inaction. Postal Colony Co., Inc. v. Askew, 348 So.2d 338, 342 (Fla. 1st DCA 1977), aff'd sub nom. Askew v. Cross Key Waterways, 372 So.2d 913 (Fla. 1978); Let's Help Florida v. Smathers, 360 So.2d 496 (Fla. 1st DCA 1978). We find no meaningful distinction between the reasons given by the agency for Rule 4ER91-1 and the reasons rejected by this court in the Postal Colony and Let's Help Florida decisions. Accordingly, we grant the petition and quash the emergency rule as invalid.
IT IS SO ORDERED.
JOANOS, C.J., SMITH and ZEHMER, JJ., concur.
NOTES
[1] A more detailed statement of facts supporting a finding of immediate danger to the public health, safety and welfare appeared in the emergency rule filed with the Secretary of State, as follows:

A recent adverse ruling regarding the Department's ability to ask for the information which the Department sees as necessary to review a health rate filing has resulted in uncertainty as to what information may or may not be requested from insurers and what procedure should be followed. In addition, the Department's computerization process has led to changes in procedures and the necessity for additional forms to streamline the rate review process.
The combination of the adverse ruling and the computerization effort is compounded by the large number of filings received by the Department. The Department reviews more than 3,000 health rate filings per year. The reviews are performed by three actuaries and four analysts. It is essential to a proper review to have clear requirements in place so that as much of the necessary information is received initially as possible. The need is particularly acute given the short statutory review period. If the filings are not reviewed within 30 days (with a possible 15 day extension), the proposed rates are deemed approved. Given the large numbers involved and the Department's responsibility to protect the Florida consumer and to ensure insurer solvency, an emergency rule is necessary while permanent rulemaking is underway.
The parties are in disagreement as to which version of the statements should be considered by this court in determining the validity of the emergency rule. We find it unnecessary to resolve this dispute, as we believe that the rule does not satisfy the statutory prerequisites for emergency rulemaking regardless of which version we consider. We caution the respondent and other agencies that in the future, however, judicial review might well be limited to the published reasons given where there is a legally significant discrepancy.