734 So.2d 1052 (1998)
FLORIDA HEALTH CARE ASSOCIATION, Petitioner,
v.
AGENCY FOR HEALTH CARE ADMINISTRATION, Respondent.
No. 98-3479.
District Court of Appeal of Florida, First District.
November 12, 1998.
*1053 Peter A. Lewis, of Goldsmith & Grout, Tallahassee, for petitioner.
Richard M. Ellis, Agency for Health Care Administration, Tallahassee, for respondent.
PER CURIAM.
The Florida Health Care Association petitions this court to review an emergency order promulgated by the Agency for Health Care Administration. We have jurisdiction. See §§ 120.54(4)(a)3. and 120.68(1), Fla.Stat. (1997); Golden Rule Insurance Co. v. Department of Insurance, 586 So.2d 429 (Fla. 1st DCA 1991); Little v. Coler, 557 So.2d 157 (Fla. 1st DCA 1990). For the reasons set forth below, the petition is granted.
The agency's emergency rule 59A-ER-98-1 relates to the rating of nursing homes and makes it more difficult for such a facility to obtain a "superior" rating. The specific reasons for finding an immediate danger to the public health, safety, or welfare as set forth in the rule are:
Pursuant to Section 120.54(4), F.S., the Agency for Health Care Administration finds that the current criteria for obtaining a nursing facility "superior" rating constitutes an immediate danger to current and potential residents of nursing homes. Under the current criteria, a "superior" rating can be obtained by a nursing facility which was cited for deficient quality of care in the prior calendar year. This has led to a situation where residents of facilities, potential residents of facilities, and their families are in danger of being mislead [sic] as to the history of a facility's quality of care. This has led further to a situation where a majority of Florida nursing homes have "superior" ratings, making a "superior" rating so common as to be of no value to consumers.
The emergency rule states that the procedure used is fair under the circumstances because:
The emergency rule does not affect a nursing facility's level of Medicaid reimbursement or otherwise have any direct economic impact. A "superior" rating is used only as an indicator of quality of care, and has no direct relationship with a nursing facility's Medicaid reimbursement or reimbursement from other payor sources.
In order to utilize emergency rulemaking procedures, rather than employing standard rulemaking, an agency must express reasons at the time of promulgation of the rule for finding a genuine emergency. Those reasons must be factually explicit and persuasive. Florida Home Builders Assoc. v. Division of Labor, Bureau of Apprenticeship, Florida Dep't of Commerce, 355 So.2d 1245, 1246 *1054 (Fla. 1st DCA 1978). Petitioner argues, and we agree, that the reasons given by the agency in the rule are not adequate. The agency asserts that consumers might be misled by its current rating system but fails to provide any factual basis to support that conclusion. Further, the agency has not established that anyone has actually been misled or, if so, that this resulted in an actual risk to the health, safety, or welfare of the affected individuals. There has been no sudden or unforeseeable event to justify emergency rulemaking. An agency's delay in proceeding to standard rulemaking does not justify the use of an emergency rule. Postal Colony Co. v. Askew, 348 So.2d 338 (Fla. 1st DCA 1977). With regard to fairness, petitioner correctly points out that the agency has limited its consideration to reimbursement from Medicaid and other sources. However, the award of a superior rating may affect other aspects of the facility's business, from marketing and standing in the community to staff morale and attitudes toward care giving.
We agree with petitioner that the agency has failed to set forth convincing reasons why emergency rulemaking was necessary to deal with "an immediate danger to the public health, safety, or welfare." See § 120.54(4)(a). In the absence of a more convincing showing of a need to act on an emergency basis to avoid a risk to the public and/or why non-emergency rulemaking would not be adequate to deal with the problem targeted by the rule, we are constrained to agree with the petitioner that this emergency rule contravenes section 120.54(4), Florida Statutes. Accordingly, the petition for review of nonfinal agency action is granted and emergency rule 59A-ER-98-1 is quashed.
BOOTH, VAN NORTWICK and PADOVANO, JJ., concur.