363 So.2d 1162 (1978)
COMMERCIAL CONSULTANTS CORP. and Linene Woods, Inc., Appellants,
v.
DEPARTMENT OF BUSINESS REGULATION, DIVISION OF FLORIDA LAND SALES AND CONDOMINIUMS, Appellees.
No. JJ-246.
District Court of Appeal of Florida, First District.
November 6, 1978.
*1163 Kenneth G. Oertel of Truett & Oertel, P.A., Tallahassee, for appellants.
Richard E. Gentry, Tallahassee, for appellees.
SMITH, Acting Chief Judge.
Commercial Consultants Corp., realtors, and Linene Woods, Inc., subdividers of Linene Woods Subdivision, appeal from a temporary cease and desist order issued by the Director of the Division of Florida Land Sales and Condominiums of the Department of Business Regulation. The Division issued the order, alleging violation of Chapter 478, the Florida Uniform Land Sales Practices Law, without giving Commercial and Linene Woods prior notice or an opportunity to be heard. The order directs Commercial and Linene Woods to (1) cease selling lots in Linene Woods Subdivision until the subdivided lands and all agents, employees and representatives of Commercial and Linene Woods are registered with the Division pursuant to Chapter 478, Florida Statutes (1977), (2) inform all "purchasers contacted in the past" of the order, and (3) place all land sales proceeds collected after the date of the order in an escrow account under conditions specified by the Division.
Commercial and Linene Woods properly applied to this court for review under the Administrative Procedure Act, Chapter 120. The APA applies to all agency action affecting the substantial interests of a party. State ex rel. Dept. of General Services v. Willis, 344 So.2d 580 (Fla. 1st DCA 1977); School Board of Leon County v. Mitchell, 346 So.2d 562 (Fla. 1st DCA 1977); McDonald v. Dept. of Banking and Finance, 346 So.2d 569 (Fla. 1st DCA 1977). And the Act subjects all agency action to judicial review. Section 120.68.
We stayed the effect of the Division's order pending review. While the case was pending, the Division dismissed the temporary order and moved to dismiss the case as moot. We denied the motion because we consider the Division's action, in entering a temporary cease and desist order without prior notice and a hearing, a matter of wide public interest deserving our attention. Ervin v. Capital Weekly Post, Inc., 97 So.2d 464 (Fla. 1957); Harris v. Florida Real Estate Comm'n, 358 So.2d 1123 (Fla. 1st DCA 1978).
Although this "temporary" order is intermediate agency action,[1] it is subject *1164 to immediate judicial review. We have authority under Section 120.68(1) to review intermediate agency action "if review of the final agency decision would not provide an adequate remedy." We find that this intermediate agency order  directing Commercial and Linene Woods to immediately cease doing business, place certain proceeds of their business in an escrow account, and notify their customers that a state agency has ordered these sanctions against them  presents a proper case for our immediate review. Since the Division conducted no Section 120.57(1) or (2) proceedings before entering its order, we must review the order without benefit of a record establishing the facts underlying agency action and elucidating agency policies. Every element necessary to the order's validity must appear on its face.
The temporary cease and desist order recites that it is entered under authority granted by the legislature in Chapter 478, Florida Statutes (1977). That chapter regulates the sale of subdivided land by installment land sales contracts and requires that sellers register a subdivision with the Division of Florida Land Sales and Condominiums, unless the subdivision is exempt from the Act, before lots may be sold or offered for sale. Section 478.23(1). To prevent a violation of Chapter 478 or the Division's implementing rules, the Division is authorized to issue a cease and desist order after notice and a hearing. Section 478.171(1). But, "[i]f the division makes a finding of fact in writing that the public interest will be irreparably harmed by delay in issuing an order," the Division may issue a "temporary" cease and desist order without providing prior notice and a hearing. Section 478.171(2).
To justify its summary action in this case, the Division's order recites, as "FINDINGS OF FACT", that Linene Woods is an unregistered subdivision not shown to be exempt, and:
The public interest may be irreparably harmed in that safeguards protecting remote land purchasers, the land sales industry, the public and the state's economic well-being are impossible to effectuate without formal registration.
Appellants urge that this order violates Section 478.171(2) because it does not specifically describe the alleged irreparable harm. We agree. If we accepted the general, conclusory prediction of harm quoted above as sufficient justification for summary agency action, the legislature's provision for notice and a hearing before a cease and desist order may issue could be avoided in every case. We cannot approve such a result. To satisfy the statute, the Division's order must allege facts showing that specific incidents of irreparable harm to the public interest will occur without an immediate cease and desist order.
Even if we could construe Section 478.171 to uphold the Division's cease and desist order, we could not so construe the Administrative Procedure Act, Chapter 120. The APA requires specific findings of fact to support summary agency action. Section 120.59 requires an agency issuing an emergency order to "recite with particularity" the facts underlying "a finding that an immediate danger to the public health, safety, or welfare requires an immediate final order... ." Similarly, Section 120.54(8)(a)3, governing emergency rulemaking, requires an agency to publish "the specific facts and reasons for finding an immediate danger to the public health, safety, or welfare ...." Although the order under review does not fit neatly under Section 120.59(3) or Section 120.54(8)(a)3, we perceive that the legislature has enacted in these sections a consistent standard intended to apply to all summary agency action subject to the APA.
The Division urges that the Legislature intended to establish a lower standard for summary agency action in Section 478.171(3) because "[t]he very nature of the sale of subdivided lands to both Florida purchasers and out-of-state purchasers without ... registration creates a situation worthy of an emergency order." But we do not find such intent expressed in the statutes. Nor do we see a significant difference *1165 between a finding that "the public interest will be irreparably harmed by delay in issuing an order" under Section 478.171(3), and a finding of an "immediate danger to the public health, safety, or welfare" under Section 120.54(9)(a)3 or .59(3). In each case the agency is allowed to act before according basic due process rights to the parties. Because fundamental rights are abridged, the agency's statement of reasons for acting "must be factually explicit and persuasive concerning the existence of a genuine emergency." Florida Home Builders v. Division of Labor, 355 So.2d 1245, 1246 (Fla. 1st DCA 1978).
The Division's temporary cease and desist order is declared invalid. Appellant's petition for attorney's fees is granted. Section 120.57(1)(b)9. Attorney's fees are assessed at $1,000.00.
ERVIN and BOOTH, JJ., concur.
NOTES
[1] The order provides for a prompt hearing, upon request, to determine if the order should be made permanent. Section 478.171(2)(c).