PER CURIAM.
The petitioner, Fortune Life Insurance Company, shows that on September 20, 1990, the Department of Insurance issued what purports to be an order in the form of a letter signed by David V. Smith, an actuary in the Bureau of Life and Health Rate and Reserve Analysis. This letter was addressed to the president of Fortune and stated that the letter’s writer had reviewed a form used by the company to issue policies. The review indicated that less than one percent of the premiums collected under this policy is returned as benefits to the policyholders. The letter announced withdrawal of approval of the policy form and directed Fortune to cease to issue this policy after September 21, 1990. The standard “notice of rights” was attached, advising Fortune of its right to formal or informal administrative proceedings. Fortune requested an extension of the effective date of the order to October 5 and the agency granted that relief. On October 3, a petition for a formal administrative proceeding was filed with the agency. Fortune also moved the agency for a stay, arguing that irreparable harm would result from the loss of authority to issue the policy. Petitioner offered to take certain steps to protect policyholders if the agency would delay enforcement of its order. The motion for stay was denied on October 3.
Petitioner asks for review of the agency’s action pursuant to sections 120.68(1) and 120.68(3), Florida Statutes. It is shown that pursuant to F.A.C. Rule 4-38.-049, the approval of a policy form is a license issued by the Department of Insurance. Further, Rule 4-38.052 provides for 21 days notice upon disapproval of a policy, but here no advance notice was given. Petitioner contends that irreparable harm will occur as a result of the order, justifying this court’s review. Further, the agency’s action, according to petitioner, is not in compliance with the applicable provisions of the Florida Administrative Procedure Act.
A show cause order was issued and a temporary stay of the agency’s order of September 20 was granted by this court. The agency responds that the life insurance policies at issue only pay a return of premiums, plus interest, if the insured dies within three years of issuance of the policy. The agency states it has reason to believe that rather than renewing policies on an annual basis, Fortune’s agents write new policies each year. Therefore, the three-year waiting period is never fulfilled and the insureds never collect full benefits. The agency argues:
Thus it is clear that direct and decisive action was required to remove this product from the marketplace to avoid further harm to the public. The issue then becomes whether the action taken by the petitioner [sic] is the proper legal remedy-
*1327 The agency argues that the approval of a policy form is not a license and therefore the automatic stay provisions of section 120.68(3) are inapplicable. Further, the agency argues that Fortune has not shown that the agency action was arbitrary and capricious so as to permit judicial intervention at this point. Solar Energy Control v. Department of Health and Rehabilitative Services, 377 So.2d 746 (Fla. 1st DCA 1979). Respondent contends that where there has been no final agency order and no formal or informal proceedings, non-final matters should be handled by the parties until the situation becomes unworkable. Rice v. Department of Health and Rehabilitative Services, 386 So.2d 844 (Fla. 1st DCA 1980).
We grant the relief sought by petitioner. The harm to petitioner by the agency’s unauthorized action cannot be adequately remedied except by judicial intervention at this point and thus we have jurisdiction pursuant to section 120.68(1). Regardless of any defect in the product, under Florida’s Administrative Procedure Act the agency had only two viable courses of action open to it. First, the agency head could have issued an emergency order that complied with section 120.59(3) or 120.60(8), by setting forth facts that demonstrated an immediate danger to the public health, safety, or welfare. Such an order would be immediately reviewable in this court. Commercial Consultants Corp. v. Department of Business Regulation, 363 So.2d 1162 (Fla. 1st DCA 1978). This, however, clearly was not done. Alternatively, the department could have followed non-emergency procedure by announcing intended agency action, giving the adversely affected party a clear point of entry and the opportunity to elect formal or informal proceedings. Florida Department of Transportation v. J.W.C. Co., 396 So.2d 778 (Fla. 1st DCA 1981); Capeletti Bros. v. Department of Transportation, 362 So.2d 346 (Fla. 1st DCA 1978). If that election is not made, of course, the intended action will become final. Here, the department has not followed either of these available courses of action.
Upon consideration of the foregoing, we grant the petition for review of non-final agency action and quash the order of September 20, 1990.
PETITION GRANTED.
SHIVERS, C.J., and SMITH and NIMMONS, JJ., concur.