573 So.2d 959 (1991)
ALLIED EDUCATION CORPORATION, D/B/a Barclay Career School, Petitioner,
v.
STATE of Florida, DEPARTMENT OF EDUCATION, BOARD OF INDEPENDENT POSTSECONDARY VOCATIONAL, TECHNICAL, TRADE AND BUSINESS SCHOOLS, Respondent.
No. 90-3703.
District Court of Appeal of Florida, First District.
January 18, 1991.
Jeffrey H. Barker of Moffitt, Hart & Herron, P.A., Tallahassee, for petitioner.
Sydney H. McKenzie, III, Gen. Counsel, and Charles S. Ruberg, Asst. Gen. Counsel, for respondent.
PER CURIAM.
Allied Education Corporation (Allied) operates the Barclay Career School in Jacksonville, a facility licensed by the Board of Independent Postsecondary Vocational, Technical, Trade and Business Schools (Board) pursuant to sections 246.201 to 246.231, Florida Statutes (1989). On November 8, 1990, the Board filed an administrative complaint alleging numerous breaches of applicable statutes and rules in the operation of the Barclay School. The following day the Board issued a cease and desist order against the school pursuant to section 246.2265, Florida Statutes. This order acknowledged the administrative complaint but did not recite the allegations contained therein nor did it expressly incorporate the complaint by reference. Barclay was ordered to cease any advertising and was prohibited from enrolling any new students until further action by the Board. Additionally, the school was ordered to accept no further fee or tuition payments from or on behalf of any currently enrolled student. Any funds received from student financial assistance were to be placed in an escrow account to be administered by a financial officer of a bank or a member of the Florida Bar. Disbursements from the escrow account are to be made only for the purpose of paying refunds to students who have canceled their enrollment or have withdrawn or been terminated from the school.
Allied elected to pursue formal administrative proceedings with regard to the administrative complaint and it therefore applied to the Division of Administrative Hearings to abate or modify the cease and desist order. See Fla. Stat. § 246.2265(3)(a). It was argued that the Board had considered a motion to modify the cease and *960 desist order and alleged that certain procedural irregularities occurred during consideration of the motion, which was denied. After considering argument of counsel, a DOAH hearing officer denied the motion. Allied now petitions this court for relief.
We find we have jurisdiction of this cause. Section 246.2265(3)(c) expressly provides for appellate review of DOAH orders entered pursuant to subsection (3)(a). Further, the agency action at bar meets the standard for interlocutory review pursuant to section 120.68(1) because review of final agency action would not provide an adequate remedy. See Commercial Consultants Corp. v. Department of Business Regulation, Division of Florida Land Sales and Condominiums, 363 So.2d 1162 (Fla. 1st DCA 1978).[1]
In its petition, Allied argues that neither the administrative complaint nor the cease and desist order alleges or identifies any threat or danger to the public health, safety, or welfare. It is argued that the Board's order will effectively close down the Barclay School because it has no access to revenue with which to maintain its operations. This is despite the fact that the administrative complaint does not expressly seek to revoke the license in question.
In response to the petition, the agency argues that petitioner concedes financial mismanagement by the school because it cannot operate without access to new funds until the time when a final order is issued. We find this argument to be without merit. The fact that the institution needs access to current revenues to maintain its operation is not indicative of mismanagement. Moreover, even if it were, there is no allegation of misuse of funds that evidences a danger to the public.
Petitioner further relies on the risks to the public it outlined in a pleading filed before DOAH in support of the cease and desist order. These include prevention of students obligating to substantial tuition payments based on misleading advertising and the risk of students being unable to complete programs in which they are enrolled or the unavailability of funds to make refunds to withdrawing students. We find, however, that the agency cannot justify its action after the fact.
We previously granted relief to the petitioner by unpublished order, quashing the cease and desist order without prejudice to the agency's right to proceed in accordance with section 120.60(8), Florida Statutes. We issue this opinion to explain our reasons for doing so.
Section 246.2265 was enacted by the 1989 Florida Legislature and it clearly authorizes the action taken by the Board. We note, however, this provision does not contain the procedural safeguards encompassed in section 120.60(8). This latter provision of Florida's Administrative Procedure Act (APA) authorizes emergency suspension, restriction, or limitation of a license and incorporates by reference section 120.54(9) relating to emergency rules. Section 120.54(9) requires that:
(a) If an agency finds that an immediate danger to the public health, safety, or welfare requires emergency action, the agency may adopt any rule necessitated by the immediate danger by any procedure which is fair under the circumstances and necessary to protect the public interest, provided that:
1. The procedure provides at least the procedural protection given by other statutes, the Florida Constitution, or the United States Constitution.
2. The agency takes only that action necessary to protect the public interest under the emergency procedure.
3. The agency publishes in writing at the time of, or prior to, its action the specific facts and reasons for finding an immediate danger to the public health, safety, or welfare and its reasons for concluding that the procedure used is fair under the circumstances... . The agency's findings of immediate danger, *961 necessity, and procedural fairness shall be judicially reviewable.
Further, section 120.60(8) requires that if summary action is taken against a license, "a formal suspension or revocation proceeding under this section shall also be promptly instituted and acted upon."
Absent these procedures, emergency action taken by an agency prior to providing an opportunity for the affected person(s) to be heard would run afoul of well-established constitutional guarantees of procedural due process. Aurora Enterprises v. State, Department of Business Regulation, Division of Alcoholic Beverages and Tobacco, 395 So.2d 604, 605-07 (Fla. 3d DCA 1981); Commercial Consultants, 363 So.2d at 1165. In order to construe section 246.2265 so as to find it constitutional, we read it in pari materia with section 120.60(8) and find that the procedures set forth in the APA must be followed by the Board when issuing a cease and desist order to a licensee. In the instant case, the Board's actions did not comply with section 120.60(8) in any material respect. The order of November 9 did not set forth specific facts and reasons for finding an immediate danger to the public health, safety, or welfare nor did it state why the action taken was only that necessary to protect the public interest, nor did it give reasons for concluding that the procedures utilized were fair under the circumstances. We do not reach the question of the adequacy of the statement of danger to the public health, safety, and welfare offered by the agency in the DOAH proceeding because it was untimely. These findings must be fully set forth in the agency's emergency order itself. We also do not find that the proceedings before the Board or DOAH on Allied's motions to modify satisfied the requirement of a prompt hearing because, so far as we have been able to ascertain, these were not evidentiary hearings. Finally, the section 120.57(1) hearing, which is now scheduled for February 26, 1991, is not sufficiently "prompt" after the November 9, 1990 action to satisfy the procedural requirements of section 120.60(8).
Upon consideration of the foregoing, we granted the relief sought by the petitioner.
PETITION GRANTED.
JOANOS, ZEHMER and ALLEN, JJ., concur.
NOTES
[1] Allied sought review of the order in question by filing a notice of appeal. We find that the appropriate vehicle for invoking jurisdiction is a petition for review of non-final agency action, Fla.R.App.P. 9.100(c). Pursuant to Fla.R.App.P. 9.040(c), however, we treated the notice of appeal and accompanying pleadings as a petition.