651 So.2d 1302 (1995)
WHITE CONSTRUCTION COMPANY, INC., Appellant,
v.
STATE of Florida, DEPARTMENT OF TRANSPORTATION, Appellee.
No. 94-2686.
District Court of Appeal of Florida, First District.
March 17, 1995.
*1303 W. Robert Vezina, III, and Frederick J. Springer of Cummings, Lawrence & Vezina, P.A., Tallahassee, for appellant.
Thornton J. Williams, General Counsel, and Marianne A. Trussell, Asst. General Counsel, Dept. of Transp., Tallahassee, for appellee.
WENTWORTH, Senior Judge.
This is an appeal by White Construction Company, Inc., of an emergency final order of the appellee, State of Florida, Department of Transportation (DOT). The order placed Trawick Pit on conditional approved status, and ordered that materials shipped from that mine to Department projects be only from pretested stockpiles and approved by the District Three Materials Engineer based on Department quality assurance test results. We affirm, finding that the appealed order does not violate subsections 120.54(9) and 120.60(8), Florida Statutes, and does not deprive White Construction of procedural due process of law.
White Construction is a general contractor and owner of Trawick Pit, a limerock mine located in Washington County, Florida. In July 1990, the Department granted conditional approval of a quality control program used by White for testing limerock for use on road construction projects pursuant to chapter 14-103, Florida Administrative Code. In January 1991, the Department granted full approval of the quality control program. Since that time, White's periodic tests conducted under its program showed that the limerock met the Department's minimum standards for limerock bearing ratio (i.e., ratio exceeding 100, with no sample less than 90). However, just prior to August 4, 1994, the Department conducted tests on limerock samples taken from Trawick Pit and two Department projects, which tests revealed that the limerock produced at that mine did not meet the Department's minimum standards for limerock bearing ratios. Due to the test results, the Department subsequently halted roadway construction on those projects. On August 4, 1994, the Department sent, via Federal Express, a notice to White Construction Company, Inc., and a copy of an Emergency Final Order entered by the Secretary of the Department. The notice states:
YOU ARE HEREBY NOTIFIED, pursuant to Florida Administrative Code Rule 14-103.010(2), that the Florida Department of Transportation has placed Trawick Pit on Conditional Approved status, with the conditions that materials may only be shipped from Trawick Pit to Department projects from pretested stockpiles and that such materials may be released for shipment only upon approval of the District Three Materials Engineer, based on Department Quality Assurance test results. This action has been taken because the Department has determined, pursuant to Rule 14-103.010(1), that continued use of limerock base from Trawick Mine under current condition poses an immediate and serious danger to the public health, safety, and welfare and the integrity of Department construction projects. Recent Department tests of limerock samples taken *1304 from Trawick Pit and two Department projects have revealed that limerock produced at Trawick Pit is not meeting the Department's minimum standards for Limerock Bearing Ratios.
The emergency final order, dated August 4, 1994, orders: (1) that Trawick Pit is immediately placed on Conditional Approved Status; (2) that the materials shipped from that mine to Department projects be only from pretested stockpiles and approved by the District Three Materials Engineer based on Department quality assurance test results; (3) that notice of the emergency action taken in the emergency final order be provided to White Construction in accordance with rule 14-103.010(2); (4) that if White Construction timely files a request for administrative hearing in response to the notice of intent, the emergency final order shall remain in effect pending a final Department order issued on that request; and (5) that if White fails to file a timely request, the Department's proposed action stated in the notice of intent shall be effective final agency action and supersede the provisions of the emergency final order.
The controlling statutory provisions are subsections 120.60(8)[1] and 120.54(9)(a)[2], Florida Statutes (1993). Cases interpreting those provisions have held that the District Courts of Appeal have jurisdiction to review emergency orders under subsection 120.54(9)(a)3, but the scope of review is limited to a determination of whether the emergency order complies with the requirements of subsection 120.54(9)(a). See Witmer v. Department of Bus. and Prof. Reg., 631 So.2d 338, 340 (Fla. 4th DCA 1994); Allied Educ. Corp. v. State, Dep't of Educ., 573 So.2d 959, 960 (Fla. 1st DCA 1991).
We find that the appealed order should be affirmed because it complies with the requirements of subsection 120.54(9)(a). As to the factual findings required by subsection 120.54(9)(a), Witmer has held:
The factual allegations contained in the emergency order must sufficiently identify particularized facts which demonstrate an immediate danger to the public. Pinacoteca Corp. v. Department of Business Regulation, 580 So.2d 881, 882 (Fla. 4th DCA 1991). Where, as here, no hearing was held prior to the entry of the emergency order, every element necessary to its validity must appear on the face of the order. Commercial Consultants Corp. v. Department of Business Regulation, 363 So.2d 1162, 1164 (Fla. 1st DCA 1978) (administrative cease and desist order). The order must be "factually explicit and persuasive concerning the existence of a genuine emergency." Id. at 1165, quoting, Florida Home Builders v. Division of Labor, 355 So.2d 1245, 1246 (Fla. 1st DCA 1978); Golden Rule Ins. Co. v. Department of Ins., 586 So.2d 429, 430 (Fla. 1st DCA 1991).
631 So.2d at 341. The appealed order satisfies these requirements. First, the order set forth specific facts and reasons for finding an *1305 immediate danger to the public, health safety or welfare. § 120.54(9)(a); Allied Educ. It states in pertinent part:
3. Limerock from Trawick Pit is currently being used by WHITE for limerock base on DEPARTMENT Roadway Project Nos. 46160-3512 and 46160-3513. These projects involve the reconstruction and improvement of State Road 30 in Bay County, a highly-traveled coastal arterial highway that has been designated as a hurricane evacuation route. Both projects provide for 10 inches of limerock base to support the road and the integrity of the base material is essential to the construction of a safe, stable and long-lasting road. The pavement design methods for the above roadway projects were predicated on limerock base that meets or exceeds the DEPARTMENT'S minimum standards for Limerock Bearing Ratios.
4. Use of limerock base from Trawick Mine under current condition poses an immediate and serious danger to the public health, safety and welfare. If materials that do not meet minimum standards for Limerock Bearing Ratios are incorporated into DEPARTMENT roadway projects, the design life of the roadway cannot reasonably be expected to be attained. The likely result will be premature deterioration of the roadway, resulting in excessive maintenance and early replacement. State Road 30 is a coastal road that has been designated as a hurricane evacuation route. The DEPARTMENT has halted roadway construction on Project Nos. 46160-3512 and 46160-3513 because of the above-noted problems with the limerock from Trawick Pit and this will likely delay completion of the project, to the detriment of the public who rely on State Road 30.
5. Immediate DEPARTMENT action is necessary to ensure that limerock base from Trawick Pit meets minimum standards for Limerock Bearing Ratios so that roadway construction on the two referenced DEPARTMENT projects may continue, and the public can be assured of a safe, stable and long-lasting roadway... .
Second, the order states why the action taken was only that necessary to protect the public interest. § 120.54(9)(a); Allied Educ. In addition to the above-quoted paragraphs finding that limerock from the pit was being used on two Department projects and that use of that limerock may affect the stability and safety of the road, the appealed order states in pertinent part:
8. The immediate action taken under this Final Order, along with the issuance of the notice of intent to WHITE advising of the DEPARTMENT'S action and providing notice of administrative appeal rights, complies with the due process requirements of the United States and Florida Constitutions. Because of the danger to the public safety associated with the use of limerock base from Trawick Pit in DEPARTMENT roadway construction, the narrowly tailored action of placing Trawick Pit on Conditional Approved status rather than the broader remedy of suspending or revoking approval of the mine on an emergency basis, as well as the availability of an administrative hearing upon request by WHITE, the procedure employed in this case is fair under the circumstances.
Finally, as required by subsection 120.54(9)(a), the above-quoted paragraph of the order also indicates that the procedure of requiring further testing of the limerock and approval by the district engineer is fair under the circumstances. § 120.54(9)(a); Allied Educ. As the Department correctly argues, this procedure allows White to continue to operate its mine until White's quality assurance program is re-evaluated, and is clearly less obtrusive than the cease and desist order used in the case cited by White as support for its position. See Allied Educ., 573 So.2d 959.
AFFIRMED.
ALLEN and DAVIS, JJ., concur.
NOTES
[1] If the agency finds that immediate serious danger to the public health, safety, or welfare requires emergency suspension, restriction, or limitation of a license, it shall show compliance in its order with the requirements imposed by s. 120.54(9) on agencies making emergency rules. Summary suspension, restriction, or limitation may be ordered, but a formal suspension or revocation proceeding under this section shall also be promptly instituted and acted upon.
[2] (9)(a) If an agency finds that an immediate danger to the public health, safety, or welfare requires emergency action, the agency may adopt any rule necessitated by the immediate danger by any procedure which is fair under the circumstances and necessary to protect the public interest, provided that:

1. The procedure provides at least the procedural protection given by other statutes, the Florida Constitution, or the United States Constitution.
2. The agency takes only that action necessary to protect the public interest under the emergency procedure.
3. The agency publishes in writing at the time of, or prior to, its action the specific facts and reasons for finding an immediate danger to the public health, safety, or welfare and its reasons for concluding that the procedure used is fair under the circumstances. In any event, notice of emergency rules, other than those of educational units or units of government with jurisdiction in only one county or a part thereof, including the full text of rules, shall be published in the first available issue of the Florida Administrative Weekly and provided to the committee. The agency's findings of immediate danger, necessity, and procedural fairness shall be judicially reviewable.