698 So.2d 879 (1997)
Michael CRUDELE, Appellant,
v.
Bill NELSON, as Treasurer and Insurance Commissioner, Appellee.
No. 96-3058.
District Court of Appeal of Florida, First District.
August 19, 1997.
Cynthia S. Tunnicliff of Pennington, Culpepper, Moore, Wilkinson, Dunbar & Dunlap, P.A., Tallahassee, for Appellant.
James A. Bossart of Division of Legal Services, Tallahassee, for Appellee.
KAHN, Judge.
Appellant, Michael Crudele, appeals an emergency order entered by the appellee Insurance Commissioner that suspended all insurance agent licenses in Crudele's name. The order relates three transactions involving Crudele and his client, Mary Clem. These transactions took place in late 1993 and early 1994, and generally involved the sale by Crudele to Clem of certain corporate promissory notes. Appellant argues that the emergency order of suspension does not set forth particularized facts which demonstrate sufficient immediacy or likelihood of continuing harm to the public health, safety, and welfare to support a suspension of his license without notice and hearing. We agree.
When issuing an emergency order, an agency must specify the "facts and reasons for finding an immediate danger to the public health, safety, or welfare and its reasons for concluding that the procedure used is fair under the circumstances." § 120.54(4)(a)3, Fla. Stat. (Supp.1996). "Every element necessary to the order's vitality *880 must appear on its face." Commercial Consultants Corp. v. Department of Bus. Reg., 363 So.2d 1162 (Fla. 1st DCA 1978). The reviewing court will not accept a general conclusory prediction of harm as support for an emergency order. Id. The reviewing court must determine whether the emergency order "sufficiently identif[ies] particularized facts which demonstrate an immediate danger to the public." Witmer v. Department of Bus. & Prof. Reg., 631 So.2d 338, 341 (Fla. 4th DCA 1994). In the present case, the emergency order discloses a series of related transactions between the licensed agent and one client, each having occurred well over two years before the issuance of the emergency order of suspension. The Commissioner sets forth no factual findings of a continuing pattern of conduct that must be stopped in order to prevent further harm to the public. No allegations or findings in the order suggest anything in Crudele's history as a licensed agent that would support an inference of such continuing conduct. Importantly, the alleged loss to Clem occurred when the corporate maker failed to honor its promissory notes. The Commissioner has not alleged Crudele's complicity in the actions of the corporation, or that he had any prior knowledge that the corporation would fail to honor its obligations. The type of conduct alleged, therefore, is perhaps appropriate for an administrative complaint where appellant can present evidence and the Department can formulate a final order based upon all such evidence. Under Witmer, however, this case is not appropriate for an emergency suspension without notice and an opportunity for the licensee to present evidence.
REVERSED.
DAVIS and BENTON, JJ., concur.