771 So.2d 1222 (2000)
FLORIDA ASSOCIATION OF HEALTH MAINTENANCE ORGANIZATIONS and Florida Association of Managed Care Organizations, Appellants,
v.
STATE of Florida, DEPARTMENT OF INSURANCE, Appellee.
No. 1D00-2860.
District Court of Appeal of Florida, First District.
October 31, 2000.
Paul R. Ezatoff and Katherine E. Giddings of Katz, Kutter, Haigler, Alderman, Bryant & Yon, P.A., Tallahassee, for Appellants.
Daniel Y. Sumner, Donald A. Dowdell, and David D. Hershel of Department of Insurance, Tallahassee, for Appellee.
KAHN, J.
Appellants challenge an immediate final order (IFO) issued by the Department of Insurance (Department) addressing recent amendments to section 627.6699(5)(c), Florida Statutes. Appellants are trade associations composed of health maintenance organizations (HMOs). The majority of these HMOs consist of small employer carriers within the meaning of section 627.6699 and were targeted by the IFO at issue here. We reverse because the IFO does not contain sufficient findings establishing an emergency or an immediate danger to the public health, safety, or welfare.
The Department issued the IFO on July 14, 2000, to address amendments to section 627.6699, the "Employee Health Care Access Act," passed during the 2000 legislative session. The 1999 version of section 627.6699(5)(c)2. provided that as a condition of doing business in Florida, every small employer carrier issuing new health benefit plans to small employers must:
Beginning April 15, 1994, offer and issue basic and standard small employer health benefit plans on a guaranteedissue basis to every eligible small employer, with one or two eligible employees, which elects to be covered under such plan, agrees to make the required premium payments, and satisfies the other provisions of the plan....
§ 627.6699(5)(c)2., Fla. Stat. (1999). In 2000, the Legislature passed the following amendments to the statute, with additions indicated by underscoring and deletions by strikeout:
(5) AVAILABILITY OF COVERAGE.
(c) Every small employer carrier must, as a condition of transacting business in this state:
1. Beginning July 1, 2000, January 1, 1994, offer and issue all small employer *1223 health benefit plans on a guaranteed-issue basis to every eligible small employer, with 2 3 to 50 eligible employees, that elects to be covered under such plan, agrees to make the required premium payments, and satisfies the other provisions of the plan....
2. Beginning July 1, 2000, and until July 31, 2001, offer and issue basic and standard small employer health benefit plans on a guaranteed-issue basis to every eligible small employer which is eligible for guaranteed renewal, has less than two eligible employees, is not formed primarily for the purpose of buying health insurance, elects to be covered under such plan, agrees to make the required premium payments, and satisfies the other provisions of the plan. A rider for additional or increased benefits may be medically underwritten and may be added only to the standard benefit plan. The increased rate charged for the additional or increased benefit must be rated in accordance with this section. For purposes of this subparagraph, a person, his or her spouse, and his or her dependent children shall constitute a single eligible employee if that person and spouse are employed by the same small employer and either one has a normal work week of less than 25 hours.
3.2 Beginning August 1, 2001 April 15, 1994, offer and issue basic and standard small employer health benefit plans on a guaranteed-issue basis, during a 31-day open enrollment period of August 1 through August 31 of each year, to every eligible small employer, with less than one or two eligible employees, which small employer is not formed primarily for the purpose of buying health insurance and which elects to be covered under such plan, agrees to make the required premium payments, and satisfies the other provisions of the plan. Coverage provided under this subparagraph shall begin on October 1 of the same year as the date of enrollment, unless the small employer carrier and the small employer agree to a different date....
4.3. Offer to eligible small employers the standard and basic health benefit plans. This paragraph subparagraph does not limit a carrier's ability to offer other health benefit plans to small employers if the standard and basic health benefit plans are offered and rejected.
Ch.2000-318, § 70, at 3415-16, Laws of Fla. The Governor signed this amendatory legislation into law on June 19, 2000, with an effective date of July 1, 2000. See id. at 3477.
On July 14, 2000, the Department issued an IFO directed to all small employer carriers writing small employer health benefit plans in Florida pursuant to section 627.6699(5)(c). The IFO indicates that the Department investigated "the insurance-related activities of all small employer carriers writing small employer health benefit plans in the State of Florida," and the IFO is being issued as a result of that investigation. The IFO contains the following paragraphs addressing the 2000 amendments:
3. Effective July 1, 2000, Section 627.6699(5)(c)2., Florida Statutes, was amended by the Florida Legislature. The amended language at issue in this matter provides that each small employer carrier shall: "Beginning July 1, 2000, and until July 31, 2001, offer and issue basic and standard small employer health benefit plans on a guaranteed-issue basis to every eligible small employer which is eligible for guaranteed renewal, has less than two eligible employees, is not formed primarily for the purpose of buying health insurance, elects to be covered under such plan, agrees to make the required premium payments, and satisfies the other provisions of the plan." The amended language is in its force and effect consistent with Section 627.6699(5)(c), Florida Statutes, prior to the amendments made thereto, in that it continues to require small employer carriers to offer and issue *1224 basic and standard employer health benefit plans on a guaranteed-issue basis to every eligible one-life group during the time period July 1, 2000 until July 31, 2001.
4. As result of its investigation, the Department has determined that some small employer carriers writing small employer health benefit plans in the State of Florida have interpreted the amendments to Section 627.6699(5)(c), Florida Statutes, to allow them to cease offering and issuing new basic and standard employer health benefit plans on a guaranteed-issue basis to every eligible one-life group during the time period July 1, 2000 until July 31, 2001, and that small employer carriers have as a result refused to issue new basic and standard employer health benefit plans on a guaranteed-issue basis to one-life groups which have applied for coverage under the provisions of Section 627.6699(5)(c), Florida Statutes.
5. The legislative purpose and intent of Section 627.6699, Florida Statutes, is in part to promote the availability of health insurance to small employers regardless of their claims experience or their employees' health status and to improve the overall fairness and efficiency of the small group health insurance market. By failing to offer and issue new basic and standard employer health benefit plans on a guaranteed-issue basis to every otherwise eligible one-life group in the State of Florida, small employer carriers are jeopardizing the ability of small employer one-life groups to obtain adequate health insurance coverage, and are placing small employer one-life groups with pre-existing conditions which disqualify them for other coverage in the position of having no insurance coverage for medical expenses.
6. As a result of the foregoing, the Insurance Commissioner of the State of Florida finds that the refusal by small employer carriers in the State of Florida to insure one-life employer groups applying for new basic and standard employer health benefit plans on a guaranteed-issue basis is in violation of the Florida Insurance Code and poses an immediate serious danger to the public health, safety and welfare, because such refusal leaves eligible small employers with no health insurance coverage. Further, the issuance of this Immediate Final Order is fair under the circumstances. Section 120.569(2)(n), Florida Statutes, authorizes the Florida Department of Insurance to issue an immediate final order when there exists an immediate danger to the public health, safety or welfare.
The IFO then imposed the following sanction:
IT IS THEREFORE ORDERED that all small employer carriers writing small employer health benefit plans in the State of Florida pursuant to Section 627.6699(5)(c), Florida Statutes, shall:
1. immediately continue to offer and issue new basic and standard employer health benefit plans on a guaranteed-issue basis to every eligible one-life group until July 31, 2001;
2. subsequent to July 30, 2001, comply with all applicable provisions of Section 627.6699, Florida Statutes, as it may be amended, regarding offering and issuing basic and standard employer health benefit plans on a guaranteed-issue basis to eligible one-life groups.
Violations of this Order are enforceable under Section 120.69, Florida Statutes.
As appellants assert, the IFO contains only conclusory findings and does not recite facts with particularity, as required by law. See § 120.569(2)(n), Fla. Stat. (1999) ("If an agency finds that an immediate danger to the public health, safety, or welfare requires an immediate final order, it shall recite with particularity the facts underlying such finding in the final order, which shall be appealable or enjoinable from the date rendered."); see, e.g., Crudele v. Nelson, 698 So.2d 879, 880 (Fla. 1st DCA 1997) ("The reviewing court will not accept a general conclusory prediction of harm as support for an emergency order."); American Ins. Ass'n v. Florida *1225 Dep't of Ins., 646 So.2d 784, 787-88 (Fla. 1st DCA 1994) (reversing an IFO because "it fails to state with particularity facts sufficient to establish an emergency necessitating summary action" where it "relies upon conclusory findings which are neither `factually explicit' nor justify summary action based on an emergency or an immediate danger to the public health, safety, or welfare"); Commercial Consultants Corp. v. Department of Business Regulation, 363 So.2d 1162, 1164 (Fla. 1st DCA 1978) ("The APA requires specific findings of fact to support summary agency action.").
Moreover, the Department's interpretation of the statutory amendments seems to render them meaningless. In this respect, the IFO here is similar to that involved in American Insurance. 646 So.2d at 789 ("DOI's interpretation [as set forth in the IFO] would render the statute void and violate unambiguous legislative intent."). The IFO in American Insurance completely omitted an explicit finding of immediate danger to the public health, safety, or welfare, while the IFO in this case does contain such a finding in paragraph six. Although the finding in this case indicates that the carriers' actions violate the Florida Insurance Code, this conclusion does not ring true, at least on the limited facts set forth in the IFO.
As quoted above, the statute at issue, section 627.6699(5)(c)2., as amended, limits the offering and issuance of basic and standard plans, from July 1, 2000, through July 31, 2001, "on a guaranteed-issue basis to every eligible small employer which is eligible for guaranteed renewal, has less than two eligible employees,...." Ch.2000-318, § 70, at 3415, Laws of Fla. Thus, according to the plain language of the statute, during this period, carriers are not required to offer and issue plans to all small employers, but only those who are "eligible for renewal." Then, beginning August 1, 2001, pursuant to section 627.6699(5)(c)3., carriers must hold a 31-day open enrollment during which they "offer and issue basic and standard small employer health benefit plans on a guaranteed-issue basis ... to every eligible small employer, with less than two eligible employees...." Ch.2000-318, § 70, at 3416, Laws of Fla. This section contains no limitation, as contained in section 627.6699(5)(c)2., "to every eligible small employer which is eligible for guaranteed renewal...." The Department reads the statute as requiring open enrollment for every single member group beginning July 1, 2000, and not requiring any single member group to wait for the open enrollment period in August 2001. The Department has no explanation for why the Legislature established the August 2001 open enrollment period, which, given the Department's view, would be superfluous. Further, nothing in the IFO indicates that carriers have refused to issue plans "to every eligible small employer which is eligible for guaranteed renewal." Therefore, for present purposes, the carriers' actions do not appear to violate the statute.
Finally, we note that the Department's findings also appear insufficient and its conclusions unsupported given that the interpretation of the statute by the small employer carriers seems reasonable and not in violation of the statute. Indeed, as appellants point out, where the statute to be implemented is clear on its face, the lack of rules does not constitute an emergency. See Krajenta v. Division of Workers' Compensation, 376 So.2d 1200, 1203 (Fla. 2d DCA 1979) (finding that emergency rule was not adopted in accordance with requirements of chapter 120 and explaining, among other things, that the amendments to chapter 440 "are clear enough in themselves" and "the absence of said rules on the effective date of the amendments just as certainly did not constitute an `immediate danger to the public health, safety and welfare'").
REVERSED.
BOOTH and MINER, JJ., CONCUR.