PER CURIAM.
Mary McNeely petitions for review of an order of the Department of Health summarily suspending her nursing license on an emergency basis. Of the various arguments petitioner presents, we find merit in only one. The statute upon which the agency relies to justify its action, section 456.074(3), Florida Statutes (2000), authorizes summary suspension when a licensee tests positive on a “confirmed drug test, as defined in s. 112.0455.” However, the department’s order does not establish that petitioner’s allegedly positive result was the product of a “confirmed drug test” as that term is defined in section 112.0455(5)(d).[1]
Accordingly, the order, summarily suspending petitioner’s license is hereby QUASHED. See Commercial Consultants Corporation v. Department of Business Regulation, 363 So.2d 1162 (Fla. 1st DCA 1978)(all elements necessary to the validity of an agency’s emergency order must appear on the face thereof). This disposition is without prejudice to the entry of an amended order establishing that a “confirmed drug test,” as that term is defined in section 112.0455(5)(d), was utilized.
WEBSTER, DAVIS and VAN NORTWICK, JJ., concur.

. We do agree with the department that section 112.0455 (the Drug-Free Workplace Act) is relevant in this context only to the extent its definition of a "confirmed drug test” is incorporated in section 456.074(3). We therefore reject petitioner's contention that other requirements of the act apply to the department when it is exercising its authority over licen-sure matters.