793 So.2d 1182 (2001)
UNITED INSURANCE COMPANY OF AMERICA, Union National Life Insurance Company, The Reliable Life Insurance Company, and Mutual Savings Life Insurance Company, Appellants,
v.
STATE of Florida, DEPARTMENT OF INSURANCE, Appellee.
Nos. 1D00-2800, 1D00-2804, 1D00-2808, 1D00-3215.
District Court of Appeal of Florida, First District.
September 19, 2001.
Elizabeth McArthur & Harry O. Thomas, of Katz, Kutter, Haigler, Alderman, Bryant & Yon, P.A., Tallahassee, for Appellants.
Daniel Y. Sumner, General Counsel; Douglas A. Shropshire & Miguel Oxamendi, Tallahassee, for Appellee.
BROWNING, J.
This is a consolidated appeal of substantially identical Orders to Cease and Desist (orders) issued by then Treasurer/Insurance Commissioner Bill Nelson on behalf of the Florida Department of Insurance (Department or Appellee) to twenty-eight licensees, which are life-insurance companies authorized to do business in Florida, including United Insurance Company *1183 of America (# 1D00-2800), Union National Life Insurance Company (# 1D00-2804), Reliable Life Insurance Company (# 1D00-2808), and Mutual Savings Life Insurance Company (# 1D00-3215) (Appellants). We have jurisdiction pursuant to section 120.68, Florida Statutes (1999). Appellants contend that they were denied due process, and that the emergency orders are facially deficient under sections 624.310(3)(a) & (f), and 120.569(2)(n), Florida Statutes (1999), because the orders fail to cite with particularity any wrongful conduct by Appellants and the immediate danger to the public resulting therefrom so as to warrant emergency action without prior adjudicatory proceedings. Department responds that Appellants lack standing to challenge the orders or, alternatively, that the orders were properly issued. Concluding that Appellants have standing and that the orders are facially insufficient, we reverse.
The generic cease-and-desist orders state that the Department has determined that some insurance companies have, in the past, charged African American customers residing in Florida a higher premium or have offered inferior benefits compared to those policies sold to other customers, and that such practices should be discontinued to the extent that insurance companies are continuing the practices. Appellants sought relief from these orders. In response to Appellants' emergency motions for immediate relief, this court issued a show-cause order to Department and subsequently granted the motions, thereby staying the emergency final orders during the pendency of this appeal.
Cease-and-desist orders like the ones issued by Department are disciplinary actions against licensees under the Florida Insurance Code. Department's authority to issue such orders is set forth in section 624.310(3), Florida Statutes (1999). Under this statutory section, the essential predicates for non-emergency cease-and-desist orders are 1) that Department have reasonable cause to believe the individual licensee has engaged in or is engaging in certain specified wrongful conduct; 2) that Department has set forth specific charges against the licensee and a statement of facts relied on in an administrative complaint; 3) that the licensee be given an opportunity for a formal administrative hearing under the Administrative Procedure Act (APA) in which the licensee can challenge the legal and factual predicates to Department's actions; and 4) that Department finds the charges against the licensee are proven. Only then can Department enter an order requiring the licensee to cease and desist from engaging in the conduct complained of. An administrative complaint issued without specific allegations of fact specifying the licensee's conduct on which disciplinary action is proposed violates the APA and due process. Cottrill v. Dep't of Ins., 685 So.2d 1371 (Fla. 1st DCA 1996) (partly reversing Department's final order and remanding for reconsideration of penalty, where administrative complaint merely cited statutes but failed to allege any act or omission in violation of statutes allegedly violated by licensee, thereby denying licensee reasonable notice of facts or of conduct warranting disciplinary action).
Section 624.310(3)(f), Florida Statutes (1999), sets forth the specific requirements for emergency cease-and-desist orders and mandates, as a condition precedent to the issuance of such orders, that Department not only have reasonable cause to believe that a licensee has engaged in certain wrongful conduct, but also find that such conduct requires emergency action. In the challenged orders, the only allegations of fact specific to Appellants are found in Paragraphs 1 *1184 & 3: each of the named companies is licensed to transact life-insurance business in Florida under Department's jurisdiction, and each company reported to Department that it had a certain number of industrial life-insurance policies in force in Florida as of December 31, 1999.
Because Department's allegations in the emergency cease-and-desist orders would not satisfy even the less stringent pleading requirements for a non-emergency administrative complaint, they obviously do not satisfy the subsection (3)(f) requirements for an emergency order. There are no allegations of statutorily proscribed conduct (past or present) by the named individual companies that are the targets of the orders, and there are no charges set forth as to what law was, or is, allegedly being violated. The "one size fits all" orders merely allege that in the course of its investigation, Department has determined that "at times past" some unnamed life-insurance companies performing home service life-insurance operations in Florida have sold such products to African-American residents of Florida at higher premium rates and/or with inferior benefits based solely on impermissible racial grounds, and that "some insurance companies" continue collecting unjustified "racially disparate premiums" from African-American policyholders of home service life-insurance products. The orders state that "[t]he continued collection of racially discriminatory premiums and the payment of racially disproportionate benefits by any life insurance company in Florida, poses an immediate threat to the public health, safety or welfare and is likely to cause substantial prejudice to existing policyholders." The nexus between Appellants and the alleged improprieties and public harm is neither indicated nor apparent from the orders. There is no legal predicate set forth in the orders. Hence, absent specific supporting findings, the orders are facially insufficient. Crudele v. Nelson, 698 So.2d 879 (Fla. 1st DCA 1997) (emergency order suspending insurance agent's license without prior notice or hearing was not supported by particularized facts showing immediacy or likelihood of continuing harm from agent's actions and, thus, was improperly issued).
Appellants note also that the orders fail to satisfy the APA standards set forth in section 120.569(2)(n), Florida Statutes (1999), which states:
If an agency head finds that an immediate danger to the public health, safety, or welfare requires an immediate final order, it shall recite with particularity the facts underlying such finding in the final order, which shall be appealable or enjoinable from the date rendered.
See American Ins. Ass'n v. Florida Dep't of Ins., 646 So.2d 784, 787-88 (Fla. 1st DCA 1994); Commercial Consultants Corp. v. Dep't of Bus. Reg., Div. of Florida Land Sales & Condominiums, 363 So.2d 1162 (Fla. 1st DCA 1978). The present orders conclusorily allege an immediate threat to the public health, safety or welfare, yet the allegations do not identify any specific company whose wrongful actions constitute this supposed immediate danger. In Commercial Consultants, which involved an emergency cease-and-desist order, we stated that "[t]o satisfy the statute, the Division's order must allege facts showing that specific incidents of irreparable harm to the public interest will occur without an immediate cease and desist order." Id. at 1164; Crudele, 698 So.2d at 879-80; Fortune Life Ins. Co. v. State Dep't of Ins., 569 So.2d 1325 (Fla. 1st DCA 1990) (quashing Department's non-final order requiring licensee immediately to cease using a particular policy form, where order was issued contrary to procedures for emergency or non-emergency orders). All elements necessary to the validity of an agency's emergency order must appear on *1185 its face. McNeely v. Dep't of Health, 770 So.2d 258 (Fla. 1st DCA 2000); Crudele, 698 So.2d at 879. Department's emergency orders purport to be final, binding, and permanent, yet they fail to satisfy the minimum statutory requirements. Additionally, the orders do not include the particularized findings that are contemplated in section 624.310(3)(f) as a predicate to lifting the statutory confidentiality protection. We cannot "accept a general conclusory prediction of harm as support for an emergency order." Florida Ass'n of Health Maintenance Orgs. v. Dep't of Ins., 771 So.2d 1222, 1224 (Fla. 1st DCA 2000).
Accordingly, we REVERSE the emergency cease-and-desist orders.
ALLEN, C.J., and VAN NORTWICK, J., CONCUR.