PER CURIAM.
Appellants seek review of an Immediate Final Order entered by appellee (the Office of Insurance Regulation) pursuant to section 120.569(2)(n), Florida Statutes (2002), ordering appellants to cease and desist from the transaction of any new or renewal insurance business in Florida. The order lacks a factual recitation demonstrating the existence of “an immediate danger to the public health, safety, or welfare,” as required by section 120.569(2)(n). It is, instead, predicated solely on conclu-sory allegations implying that appellants’ failure to be licensed in Florida, by itself, constitutes an immediate danger to the public health, safety and welfare. The order is substantively indistinguishable from those held to be deficient by this court in Commercial Consultants Corp. v. Department of Business Regulation, 363 So.2d 1162 (Fla. 1st DCA 1978), American Insurance Association v. Florida Department of Insurance, 646 So.2d 784 (Fla. 1st DCA 1994), Crudele v. Nelson, 698 So.2d 879 (Fla. 1st DCA 1997), Florida Association of Health Maintenance Organizations v. State Department of Insurance, 771 So.2d 1222 (Fla. 1st DCA 2000), and United Insurance Company of America v. State Department of Insurance, 793 So.2d 1182 (Fla. 1st DCA 2001). As all of those decisions emphasize, it is not sufficient merely to allege a statutory violation; instead, the order must contain a factual recitation sufficient to demonstrate the existence of an imminent threat of “specific incidents of irreparable harm to the public interest” requiring use of the extraordinary device afforded by section 120.569(2)(n). Commercial Consultants, 363 So.2d at 1164. Accord United Ins. Co. of Am., 793 So.2d at 1184 (quoting from Commercial Consultants). Because the Immediate Final Order does not recite facts sufficient to demonstrate the existence of “an immediate danger to the public health, safety or welfare” as required by section 120.569(2)(n), we reverse.
REVERSED.
WEBSTER, BENTON and PADOVANO, JJ„ concur.