902 So.2d 893 (2005)
Steven A. FIELD, M.D., Petitioner,
v.
STATE, DEPARTMENT OF HEALTH, Respondent.
No. 1D05-0411.
District Court of Appeal of Florida, First District.
May 31, 2005.
*894 Bruce D. Lamb of Ruden, McClosky, Smith, Schuster & Russell, P.A., Tampa, for Petitioner.
Gladys E. Cherry, Senior Attorney, Department of Health, Bureau of Health Care, Prosecution Services Unit, Tallahassee, for Respondent.
VAN NORTWICK, J.
Pursuant to sections 120.60(6)(c) and 120.68(1), Florida Statutes (2004), Steven A. Field, M.D., petitions for review of an order entered by the Florida Department of Health, respondent, by which the Department ordered the emergency suspension of his license to practice medicine in the State of Florida based upon findings of sexual misconduct with a patient. We have jurisdiction. See rule 9.100(c)(3), Fla. R.App. P. Because the emergency suspension order sets forth sufficient facts and reasons to support a finding of immediate danger to the public health, safety and welfare, we deny the petition.[1]
Section 456.072(1)(u), Florida Statutes (2004), allows the suspension of a license of a health care professional if the licensee engages in or attempts to engage in sexual misconduct as defined in and prohibited by section 456.063(1). That statute provides as follows:
Sexual misconduct in the practice of a health care profession means violation of the professional relationship through which the health care practitioner uses such relationship to engage or attempt to engage the patient or client, or an immediate family member, guardian or representative of the patient or client in, or to induce or attempt to induce such person to engage in, verbal or physical activity outside the scope of the professional practice of such health care profession. Sexual misconduct in the practice of a health care profession is prohibited.
In addition, section 458.331(1)(j) sets out the following additional ground for discipline:
Exercising influence within a patient-physician relationship for purposes of engaging a patient in sexual activity. A patient shall be presumed to be incapable of giving free, full, and informed consent to sexual activity with his or her physician.
Section 120.60(6), Florida Statutes (2004), provides that, when an agency "finds that immediate serious danger to the public health, safety, or welfare requires emergency suspension, restriction, or limitation of a license . . .," the agency is authorized
[to] take such action by any procedure that is fair under the circumstances if:
(a) The procedure provides at least the same procedural protection as is given by other statutes, the State Constitution, or the United States Constitution;

*895 (b) The agency takes only that action necessary to protect the public interest under the emergency procedure; and
(c) The agency states in writing at the time of, or prior to, its action the specific facts and reasons for finding an immediate danger to the public health, safety, or welfare and its reasons for concluding that the procedure used is fair under the circumstances. . . ."
Under section 120.60(6)(b), in an emergency action to suspend a license an agency may take only that action necessary to protect the public interest. In addition, an emergency order issued prior to a hearing must set forth facts sufficient to demonstrate immediate danger, necessity, and procedural fairness. See, e.g., Witmer v. Dep't of Bus. and Prof'l Regulation, 631 So.2d 338 (Fla. 4th DCA 1994). Fairness requires that the order provide a remedy that is tailored to address the harm and provide for an administrative hearing. See Daube v. Dep't of Health, 897 So.2d 493 (Fla. 1st DCA 2005); Premier Travel Int'l, Inc. v. Dep't of Agric., 849 So.2d 1132, 1137 (Fla. 1st DCA 2003); White Constr. Co., Inc. v. State, Dep't of Transp., 651 So.2d 1302, 1305 (Fla. 1st DCA 1995). Section 120.60(6)(c) requires, in cases of summary suspension, that the Department promptly institute a formal suspension or revocation proceeding pursuant to sections 120.569 and 120.57, Florida Statutes (1999). In these formal proceedings, licensees may dispute the factual matters relied upon by the Department. Broyles v. Dep't of Health, 776 So.2d 340, 341 (Fla. 1st DCA 2001).
Section 120.60(6)(c) also provides that "[t]he agency's findings of immediate danger, necessity, and procedural fairness are judicially reviewable." In addition, under section 120.68(1):
a party who is adversely affected by final agency action is entitled to judicial review. A preliminary, procedural, or intermediate order of the agency or of an administrative law judge of the Division of Administrative Hearings is immediately reviewable if review of the final agency decision would not provide an adequate remedy.
Under rule 9.100(c)(3), Florida Rules of Appellate Procedure, our jurisdiction for such judicial review is invoked by filing a petition for review of non-final administrative agency action.
We will uphold the Department's emergency order if the Department has "amply demonstrated on the face of the order the [petitioner's] continued medical practice would pose an immediate serious danger to public health, safety or welfare." Broyles v. Dep't of Health, 776 So.2d at 341. The agency's stated reasons for acting cannot be general or conclusory, but "must be factually explicit and persuasive concerning the existence of a genuine emergency." Commercial Consultants Corp. v. Dep't of Bus. Regulation, 363 So.2d 1162, 1165 (Fla. 1st DCA 1978) quoting Florida Home Builders v. Div. of Labor, 355 So.2d 1245, 1246 (Fla. 1st DCA 1978).
The emergency suspension order before us was based upon the Department's findings that Dr. Field engaged in sexual intercourse with a patient, S.B., during the course of an independent medical examination in his office. The examination had been scheduled by the Disability Determinations Division of the Department in connection with S.B.'s application for disability benefits. The day following the examination, S.B. reported that Dr. Field had raped her. Dr. Field admits that he had sexual relations with S.B., but submits that the sex was consensual. The Department's emergency order sets forth in great detail the explicit facts relating to the alleged sexual misconduct. Based on such facts, in the *896 emergency suspension order the Department explained its reasoning in support of an emergency suspension, as follows:
19. The Department of Health sent S.B. to Dr. Field in order to undergo an independent medical examination for disability determination. During the course of this appointment, Dr. Field admittedly had sex with S.B., his patient. S.B. reports that she was alone in the office with Dr. Field, and that the sex was completely without her consent, and that Dr. Field raped her. Dr. Field was seeing S.B. for a disability determination and knew that she was relying on his opinion of her condition to determine whether or not she would receive disability benefits. Dr. Field abused his position of power as a physician and took advantage of his patient, S.B.
20. As exemplified by the facts of this case, physicians often care for vulnerable patients in settings where they can easily abuse these patients. Due to the potential for abuse that is inherent under these circumstances, doctors must possess good judgment and good moral character in order to safely practice medicine. Dr. Field's willingness to engage in sexual misconduct toward his patient demonstrates a serious defect in Dr. Field's judgment and moral character. Dr. Field's conduct was so egregious, it constitutes such a threat to the public health and safety, and demonstrates such a disregard for the laws and regulations governing physicians in this state, that the safety of Dr. Field's patients cannot be assured as long as he continues to practice medicine in the State of Florida.
21. Dr. Field's lack of good judgment and moral character and his disregard for the laws and rules governing the practice of medicine in the State of Florida represent a significant likelihood that Dr. Field will cause harm to patients in the future. This probability constitutes an immediate serious danger to the health, safety, and welfare of the citizens of the State of Florida. Nothing short of the immediate suspension of Dr. Field's license to practice medicine will ensure the protection of the public from this danger.
We find that the face of the emergency suspension order sets forth sufficient detailed and explicit facts to amply demonstrate that Dr. Field's continued medical practice would pose an immediate and serious danger to public health, safety and welfare. See Garcia v. Dep't of Prof'l Regulation, 581 So.2d 960 (Fla. 3d DCA 1991)(emergency suspension order was upheld where a practicing psychiatrist had seduced a minor patient under his care and aided the minor in her escape from a psychiatric hospital injecting both himself and the minor with Demerol after taking the minor to a hotel); see also Ticktin v. Dep't of Prof'l Regulation, 532 So.2d 47 (Fla. 1st DCA 1988). Accordingly, we deny the petition.
WOLF, C.J. and BROWNING, J., concur.
NOTES
[1] Petitioner's emergency application for a stay of the Department's emergency suspension order was denied by a separate panel of this court. Petitioner's supplemental petition for review of the Department's order, filed without leave of court, was treated as an untimely motion for rehearing of our order denying a stay and was denied.