PER CURIAM.
Petitioner, Dr. Arthur Henson, seeks review of an Order of Emergency Suspension of License, rendered June 18, 2007, by respondent, the Department of Health (Department). Previously, the Department rendered another emergency order suspending Dr. Henson’s license to practice as an osteopathic physician. On review of that order, this court found:
Respondent’s emergency order suspending the license of Dr. Henson to practice as an osteopathic physician is broader than that which is ‘necessary to protect the public interest under the emergency procedure,’ as required by section 120.60(6)(b), Florida Statutes (2005). The harms discussed in the emergency order deal with Dr. Henson’s prescription of excessive amounts of narcotic drugs without proper examination, diagnostic testing, and follow-up drug screening. There are no findings in the order stating that he provides inadequate care to patients for whom he is not prescribing narcotic pain relievers. Narrowly tailoring an emergency order to prohibit Dr. Henson from prescribing narcotics and from treating the three patients named in the emergency order would protect the public from the harm described until the administrative proceeding has been completed.
Henson v. Dep’t of Health, 922 So.2d 376 (Fla. 1st DCA 2006). Thereafter, the Department filed an Emergency Restriction Order on March 30, 2006, restricting Dr. Henson’s license by prohibiting him from prescribing narcotic pain relievers. Dr. Henson violated this order in May 2007, resulting in the Department issuing the instant Order of Emergency Suspension of License. This order contains the requisite findings, including the following paragraph:
21. Restriction of Dr. Henson’s license is not sufficient to protect the public, because Dr. Henson has been previously disciplined for inappropriately or excessively prescribing controlled substances to a patient; currently there is an Ad *405 ministrative Complaint that has been filed alleging that Dr. Henson failed to meet the standard of care and inappropriately or excessively prescribed controlled substances to three (3) patients; and Dr. Henson has disregarded an Emergency Restriction Order which restricted Dr. Henson from prescribing narcotic pain relievers. Dr. Henson has demonstrated a disregard for the duties and responsibilities imposed upon an osteopathic physician practicing in the State of Florida and for the health and welfare of his patients. Dr. Henson has demonstrated a disregard to a lawful order issued by the Department. Nothing short of the suspension of his license will protect the public from Dr. Henson.
See §§ 120.60(6), 456.072(1)(q), 456.072(2)(b), Fla. Stat. (2006). See, e.g., Bio-Med Plus, Inc. v. State, Dep’t of Health, 915 So.2d 669, 671-72 (Fla. 1st DCA 2005); Field v. State, Dep’t of Health, 902 So.2d 893, 894 (Fla. 1st DCA 2005).
DENIED.
KAHN, PADOVANO, and HAWKES, JJ., concur.