SALTER, J.
The appellant, a licensed community association manager, appeals adverse final orders by the Florida Department of Busi *600 ness and Professional Regulation (DBPR). We reverse and remand for further proceedings.

Background

In July 2009, DBPR filed an administrative complaint against the appellant alleging violations of provisions of the statutes regulating licensed community association managers. It is undisputed that the appellant received the complaint on July 24, 2009, triggering his obligation to file an election of rights form with DBPR on or before August 14, 2009.[1] The appellant maintains that he faxed his election form on July 30, 2009, while DBPR maintains that it did not receive such a form from him.
DBPR issued a “final order on waiver” on October 27, 2009, revoking the appellant’s community association manager license and imposing other penalties as well. The appellant received this in the mail and on November 5, 2009, through counsel, moved to set aside final order. The motion included the appellant’s affidavit attesting that he had faxed the election form to DBPR on July 80, 2009, and that the transmission confirmation report feature of his fax machine did not function. Attached to the affidavit, and referred to within the affidavit, was a copy of a sworn election of rights form prepared by the appellant and requesting a hearing on the administrative complaint. The appellant’s affirmation was notarized by a Florida notary and dated July 30, 2009.
DBPR filed an opposition and response to the appellant’s motion, asserting that the election of rights form was not properly signed by the appellant and that his failure to provide a fax confirmation report warranted denial of his motion. Before the appellant’s motion was ruled upon, however, (1) the appellant filed a protective notice of appeal from the October 27, 2009, order, and (2) the parties entered into a stipulation for settlement and joint motion to vacate the October order pursuant to the settlement. The stipulation and joint motion expressly provided that they were subject to DBPR approval. Appropriate administrative staff and a DBPR attorney recommended approval of the signed stipulation[2] and the entry of a revised final order on waiver pursuant to that stipulation. Neither the stipulation nor any rule specified any standards or criteria that would guide DBPR’s director in granting or withholding approval.
The appellant’s counsel then dismissed the protective appeal to this Court from the October order, though fully aware that DBPR had not yet vacated the order or issued the stipulated final order. Two months later DBPR’s director issued an order denying the appellant’s original motion to vacate the October order and disapproving the settlement stipulation and proposed order. The only discernible basis for the disapproval is a determination that “[n]o additional evidence has been presented to warrant the Department vacating the Final Order or accepting the Settlement Stipulation.” The order did, however, acknowledge that as a result of the negotiations between the parties, DBPR would not object to the reinstatement or refiling of the appeal from the October order. This appeal followed.

*601
Analysis

DBPR has candidly acknowledged in its answer brief that the October 2009 “final order on waiver” failed to specify whether the appellant had any prior disciplinary history or whether the case included aggravating conditions. Under Florida Administrative Code Rule 61-20.010, such findings were necessary to support revocation of the appellant’s license. Nevertheless, DBPR maintains that the appellant is barred from raising this deficiency because he dismissed his appeal from the October order.
We disagree. DBPR’s staff plainly negotiated a proposed settlement in good faith, and its counsel recommended that settlement to the Director. Neither the April 2010 final order signed by the Director (rejecting the settlement and denying the appellant’s motion to vacate the October 2009 order) nor the DBPR’s briefs and argument before this Court have disclosed a basis for the rejection of the settlement, particularly given the admission that the first order was deficient. Nor do we agree that the appellant was properly denied an evidentiary hearing regarding his initial, allegedly-faxed, election of rights. The form and the applicable rules specifically allow an adverse party to fax its election form to DBPR in lieu of hand-delivering or mailing the form. DBPR’s faxes are no more immune from temporary malfunction than anyone else’s.
We can agree with DBPR that much time and trouble — including briefing, argument, and this opinion in this case — would have been saved if the appellant had confirmed receipt or had mailed a backup copy, return receipt requested. But he did not. Apart from a fax machine that did or did not work and a transmission report feature that may or may not have been operating, there may be a long distance record of the call from the Miami fax machine to the Tallahassee DBPR fax. The appellant’s affidavit that he sent the fax is subject to the penalties of perjury, and the notary who certified the appellant’s appearance, oath, and affirmation on the form with a date of July 30, 2009 (a timely date for the election), faces criminal penalties if she backdated such a form or executed it in blank.[3] The cases cited by DBPR[4] regarding the question of fact that arises when a fax transmission confirmation is provided do not hold that the absence of such a document is fatal to a sender’s claim, or that it is the only evidence available to prove that transmission occurred.
Here, as in Marrero v. Department of Professional Regulation, 622 So.2d 1109, 1113 (Fla. 1st DCA 1993), we conclude that DBPR’s exercise of discretion in denying the appellant’s motion to vacate the initial, admittedly-deficient order was inconsistent with its own disciplinary guidelines established by rule. In addition, we conclude that DBPR improperly exercised its discretion in refusing to afford the appellant an evidentiary hearing pursuant to section 120.569(1), Florida Statutes (2009), on the threshold factual question: did the appellant timely file an election of rights form with DBPR? License revocations affect important property interests. Licensees are allowed to dispute a regulatory agency’s factual allegations,[5] and DBPR has shown *602 no good reason why this does not extend to DBPR’s allegation that it did not receive the election of rights form.

Conclusion

For these reasons, we reverse and vacate the final order denying the appellant’s motion to vacate and disapproving the settlement and joint motion to vacate entered into by the appellant with DBPR staff and counsel. As noted, we also vacate the concededly-deficient October 2009 order. In furtherance of the strong public policy favoring compromise and settlement of disputed issues,[6] DBPR shall have the right, but not the obligation, to approve the settlement, stipulation and agreed order entered into by the parties in February 2010, for a period of twenty days following issuance of the mandate by this Court. If a timely written approval is not forthcoming, the licensure case on remand shall include an evidentiary hearing on all issues, including timeliness and the merits of the original complaint.
Reversed, orders vacated, and remanded with instructions.

. Fla. Admin. Code R. 28-106.111(4). The failure to file a timely written request for a hearing waives that right.

. The final paragraph of the joint motion signed by counsel for the appellant and DBPR's attorney formally requested DBPR to grant the motion, vacate the adverse final order entered in October, and enter a stipulated order as presented by the parties with the motion.

. § 117.105, Fla. Stat. (2009).

. DBPR cited seven cases for the same proposition. Representative cases regarding the sufficiency of a fax confirmation report to create an issue of fact are Ebersol v. Unemployment Appeals Comm’n, 845 So.2d 945 (Fla. 5th DCA 2003), and Espanioly v. Unemployment Appeals Comm’n, 768 So.2d 1230 (Fla. 3d DCA 2000).

.Field v. State Dep’t of Health, 902 So.2d 893, 895 (Fla. 1st DCA 2005).

. Sun Microsystems of Cal., Inc. v. Eng’g and Mfg. Sys., C.A., 682 So.2d 219, 220 (Fla. 3d DCA 1996).