PER CURIAM.
Harold Joseph Lawler III, M.D., petitions for review of an order of emergency restriction of license (ERO) issued by the Department of Health, prohibiting him from prescribing scheduled medications. Dr. Lawler argues that the Department has not met its burden of alleging sufficient facts on the face of its order that demonstrate the elements necessary for the issuance of an ERO, which are that: (1) there is an immediate serious danger to the public; (2) the complained of conduct is likely to continue; (3) the order is necessary to stop the emergency; and (4) the order is narrowly tailored to be fair. See Nath v. Dep’t of Health, 100 So.3d 1273, 1276 (Fla. 1st DCA 2012); Kaplan v. Dep’t of Health, 45 So.3d 19, 20-21 (Fla. 1st DCA 2010); Field v. Dep’t of Health, 902 So.2d 893, 895 (Fla. 1st DCA 2005); § 120.60(6), Fla. Stat. (2016).
The ERO in this case fails because it makes general, conclusory allegations that are not supported by particularized facts. For example, it alleges that Dr. Lawler’s treatment of the patient at issue failed to adhere to the minimum standard of care and was of a “deliberate nature,” and that he engaged in “deceitful practices” and “deceitful schemes.” But the ERO fails to provide specific facts in support of these assertions. Further, while the ERO alleges cursory and inadequate physical examinations in the patient’s follow-up visits, it does not mention the nature of the initial examination. Moreover, the allegation that Dr. Lawler failed to obtain an adequate medical history is wholly conclu-sory because no specific deficiencies were identified.
Because the Department may not rely on general or conclusory statements to support the issuance of an ERO, the Department has failed to meet its burden of alleging the necessary facts to satisfy the elements for the issuance of an ERO. See Field, 902 So.2d at 895 (“The agency’s stated reasons for [issuing an ERO] cannot be general or conclusory, but ‘must be factually explicit, and persuasive concerning the existence of a genuine emergency.’ ”) (quoting Commercial Consultants Corp. v. Dep’t of Bus. Reg., 363 So.2d 1162, 1165 (Fla. 1st DCA 1978)). While the alleged course of treatment as to this patient is distressing, and if proven may be a basis for discipline, the factual support for a genuine emergency to the public is lacking. Therefore, we grant Dr. Lawler’s petition for review and quash the ERO.
PETITION GRANTED; ORDER QUASHED.
WOLF, RAY, and MAKAR, JJ„ CONCUR.