IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

DENISE MELISSA
CAMPBELL, L.P.N.,

      Appellant,

v.

DEPARTMENT OF HEALTH,

      Appellee.

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D16-2291

_____/

Opinion filed December 13, 2017.

An appeal from a Florida Department of Health, Board of Nursing, Final Order.

Luis Antonio Bonilla of Bonilla Law Associates, West Palm Beach, for Appellant.

Katelyn R. Levine, Assistant General Counsel, and Mari H. McCully, Assistant General Counsel, Florida Department of Health, Tallahassee, for Appellee.

WINSOR, J.

      The Department of Health's Board of Nursing revoked Denise Campbell's nursing license, finding she engaged in unprofessional conduct. The Board acted after concluding that Campbell waived her right to a formal hearing. But because

there are unresolved factual disputes about whether Campbell really did waive that right, we reverse and remand for further proceedings.

Nurse Campbell worked at a Fort Lauderdale assisted living facility. One of the facility's elderly patients was found unresponsive in the dining hall, and Nurse Campbell ordered staff to place the patient back in his bed to receive CPR. But it turned out the patient had a "Do Not Resuscitate" order on file, so he never received CPR or other treatment, and he died later that day. Campbell documented the event, but she inaccurately reported that the patient had been discovered unresponsive in his bed—not in the dining hall.

About a year later, the Department filed an administrative complaint, alleging that Nurse Campbell engaged in unprofessional conduct by (1) inaccurately recording the event and (2) falsifying or altering the patient's records. Along with the complaint, the Department sent Nurse Campbell an election-of-rights form, which explained that she could dispute the alleged facts and request a formal administrative hearing. Consistent with Florida Administrative Code Rule 28-106.111(4), the form said that if Campbell made no election within twenty-one days, she would waive her right to a formal hearing.

There came to be a dispute about whether Nurse Campbell timely requested a formal hearing. Campbell's attorney submitted an affidavit saying he personally hand delivered a formal-hearing request within the twenty-one days. The

2

Department filed a competing affidavit saying the Board never received any such request.

The Board was therefore faced with conflicting evidence. But rather than make an effort to determine what the real facts were, the Board—at the Department's request—deemed the formal hearing waived.

The Board ultimately held an informal hearing on the administrative complaint's merits. The Board sided with the Department as to whether Nurse Campbell acted improperly, but it rejected the Department's recommended penalty (probation and a fine), opting instead for license revocation. The Board based the revocation on two aggravating factors: (1) Campbell "documented false information which led to the death of a patient," and (2) Campbell "delegated to an unlicensed person the duty to transfer a non-responsive body to bed." Campbell now appeals the Board's final order, challenging both the Board's waiver conclusion and the penalty it imposed.

The first question is what the Board should have done with the conflicting evidence on whether Nurse Campbell timely requested a formal hearing. We conclude that the Board should have afforded Nurse Campbell an evidentiary hearing on that issue. *See Arteaga v. State, Dep't of Bus. & Prof'l Regulation*, 54 So. 3d 599 (Fla. 3d DCA 2011) (holding DBPR should have held evidentiary hearing to resolve dispute about timeliness of election-of-rights filing when appellant had

3

submitted affidavit saying he timely filed); *see also Pro Tech Monitoring, Inc. v. State, Dep't of Corr.*, 72 So. 3d 277, 281 n.2 (Fla. 1st DCA 2011) ("Appellant's [position] was supported by an affidavit which, at a minimum, raised disputed issues of fact regarding the timeliness of its bid protest petition . . . . The Department's refusal to forward this issue to DOAH was so contrary to the fundamental principles of administrative law that it constituted a gross abuse of discretion."); *Accardi v. Dep't of Envtl. Prot.*, 824 So. 2d 992, 995 (Fla. 4th DCA 2002) ("[T]he timeliness of the petition presents a disputed issue of fact that must be resolved below in the administrative process."). We therefore reverse and remand. If it is determined after an evidentiary hearing that Nurse Campbell did not waive her right, the Department's final order cannot stand, and the case must proceed to a formal administrative hearing. If it is determined Nurse Campbell did waive her right, the Department's decision to penalize Campbell can stand.

The second question is whether the penalty imposed (revocation) was a permissible penalty. We must address this issue because the Board could again impose penalties after further proceedings if it is determined Campbell waived her right to a formal hearing, or if after a formal hearing she is found guilty. The sole argument Campbell's initial brief raises on this point is that the penalty was not permitted without aggravated-factor findings based on competent, substantial evidence—findings that Campbell says were lacking here. The problem with this

argument is that revocation was within the permissible penalty range with or without those aggravating factors. Findings of aggravating circumstances are necessary only when the Board imposes a penalty other than that provided in the Department's disciplinary guidelines. § 456.079(3), Fla. Stat. (2015). And while the disciplinary guidelines do not authorize revocation for a first inaccurate-recording offense, they do authorize revocation for a first offense for falsifying patient records. Fla. Admin. Code R. 64B9-8.006(3)(f)(1)-(2). In other words, the disciplinary guidelines permitted revocation based on one of Nurse Campbell's charges, even without aggravating factors. Therefore, we could not reverse the penalty based on the argument Nurse Campbell presents.

REVERSED and REMANDED.

B.L. THOMAS, C.J., and WINOKUR, J., CONCUR.